1  Michele M. Vercoski [Bar No. 244010]
   mmv@mccunelawgroup.com
2  Yasmin N. Younessi [Bar No. 331327]
   ynv@mccunelawgroup.com
3  Gavin P. Kassel [Bar No. 284666]
   sboffice@mccunelawgroup.com
4  **MCCUNE LAW GROUP, APC**
5  18565 Jamboree Road, Ste. 550
   Irvine, CA  92612
6  Telephone: (909) 557-1250
7  Facsimile: (909) 557-1275

8  Attorneys for Plaintiffs
   TRISHA MALONE, JASON ARBALLO,
9  STACY HORNE, and MONICA GONZALEZ

10             UNITED STATES DISTRICT COURT
11       CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)

| | |
|---|---|
| TRISHA MALONE, JASON ARBALLO, STACY HORNE, and MONICA GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.; INSPIRE HEALTH ALLIANCE, LLC., DOES 1 through 50, DOES 51-100 inclusive<br><br>Defendants | Case No.: **8:25-cv-00562-SRM-DFM**<br><br>(Removed from Superior Court of California, County of Orange, Case No. 30-2025-01459245-CU-MC-CXC)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA; DECLARATION OF GAVIN P. KASSEL; DECLARATION OF JASON ARBALLO**<br><br>**Date of Hearing: 07/24/2025**<br>**Time of Hearing: 1:30 P.M.**<br>**Courtroom: 9B**<br>Hon. Serena Murillo<br>Complaint Filed: February 10, 2025<br>Complaint Amended: April 7, 2025<br><br>**JURY TRIAL DEMANDED** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………4

II.   FACTUAL AND PROCEDURAL BACKGROUND…………………..4-6

III.  LEGAL STANDARD …...……………………………………………...6

IV.  ARGUMENT…………………………………………………………6-8

V.   CONCLUSION………………………………………………………8

## *TABLE OF AUTHORITIES*

**CASES**

*Desert Empire Bank v. Ins. Co. Of N. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980)…7

*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) …………………………....4

*Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894,899 (9th Cir. 2006)……………………………………………………………………………….4,6

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ……………. .6

**STATUTES**

28 U.S.C. §1332………………………………………………………………...3,5,6

28 U.S.C. § 1441…………………………………………………………………….6

28 U.S.C. § 1447(c) ……………...…………………………………………………..2,6

# NOTICE

TO THE HONORABLE COURT AND TO DEFENDANTS:

**PLEASE TAKE NOTICE** that on 07/24/2025 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9B of the above-entitled Court, Plaintiffs Trisha Malone, Stacey Horne, and Jason Arballo will and hereby do move the Court for an order remanding this action to the Superior Court of California, County of Orange, pursuant to 28 U.S.C. § 1447(c).

Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR" or "Disney") is a Delaware corporation operating Disneyland Resort and California Adventure Park in Anaheim, California. WDPR owns and operates Disneyland Resort and California Adventure in Anaheim, California, which qualify as places of public and employment accommodations under the Unruh Act and the Fair Employment and Housing Act ("FEHA").

Defendant, WDPR, employs or employed these class members, providing them with park passes as part of their employment benefits. They were denied Disability Access Service ("DAS") through the same screening process and criteria as consumer guests with day passes or magic key passes, despite their disabilities that prevent them from waiting in conventional queues. This is alleged to be a violation of FEHA's rules against disability discrimination and failure to provide reasonable accommodations.

Defendant Inspire Health Alliance, LLC (hereinafter referred also as "Inspire Health," "Inspire Health Alliance," and "Inspire") is a healthcare provider incorporated in Bradenton, Florida, with one of their managing members being a citizen of Utah contracted by WDPR to conduct medical screenings and assess the

eligibility of guests seeking DAS accommodations.

This motion is made on the grounds that complete diversity of citizenship does not exist. Plaintiff Jason Arballo is a citizen of Utah, and upon information and belief Rick Salas—a managing member of Defendant Inspire Health Alliance, LLC ("Inspire Health")—is also a citizen of Utah. Because an LLC is deemed a citizen of each state in which its members are citizens, Inspire Health is likewise a Utah citizen, destroying diversity under 28 U.S.C. § 1332. Further, Mr. Arballo was properly joined under Federal Rule of Civil Procedure 20.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file, the concurrently-filed Declaration of Gavin P. Kassel and exhibits thereto, the Declaration of Jason Arballo, and such other evidence or argument the Court may receive.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 16, 2025.

Dated: April 29, 2025

                     */s/* Gavin Kassel

Gavin P. Kassel, Esq. (SBN 284666)
**MCCUNE LAW GROUP, APC.**
Attorneys for Plaintiffs

# PLAINTIFF'S MOTION FOR REMAND AND SUPPORTING MEMORANDUM

Plaintiffs, by and through their attorneys, file this Motion for Remand against Defendants WALT DISNEY PARKS AND RESORTS U.S., INC.; INSPIRE HEALTH ALLIANCE, LLC. and state as follows:

## I. INTRODUCTION

Removal jurisdiction must be strictly construed; any doubt is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, the defect is plain. Plaintiff Jason Arballo and Inspire Health managing member Rick Salas are both citizens of Utah. Because an LLC shares the citizenship of each of its members, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), complete diversity is lacking and the Court lacks subject-matter jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Disney unveiled a sweeping overhaul of its Disability Access Service ("DAS") on June 18, 2024. The new protocol requires guests seeking accommodation to endure a remote interview conducted jointly by Disney employees and personnel from Inspire Health Alliance, LLC ("Inspire Health"). During that interview guests must disclose sensitive medical information; yet, under Disney's tightened criteria, many—including the named Plaintiffs—are summarily denied DAS and told to purchase the paid Lightning Lane product if they wish to avoid physically waiting in stand-by queues.

Plaintiff Trisha Malone filed the original complaint in the Orange County Superior Court on February 10, 2025, asserting causes of action under the Americans with Disabilities Act, California's *Unruh Civil Rights Act*, the

Confidentiality of Medical Information Act, and the Consumers Legal Remedies Act, among others. (See Exh. 1 to Decl. of Gavin P. Kassel [Trisha Malone's Complaint].)

On March 21, 2025, Defendants Walt Disney Parks and Resorts U.S., Inc., Disney Worldwide Services, Inc., Walt Disney Parks and Resorts Online, Inc., and Inspire Health removed the case, invoking diversity jurisdiction under 28 U.S.C. § 1332. (See Exh. 2 to Decl. of Gavin P. Kassel [Defendant's Notice of Removal of Action].)

On March 28, 2025, Defendants moved to dismiss Plaintiff's complaint. (See Exh. 3 to Decl. of Gavin P. Kassel [Motion to Dismiss Plaintiff Trisha Malone's Class Action Complaint].) Exercising her right to amend once as a matter of course, Ms. Malone filed a First Amended Complaint on April 7, 2025, within 21 days from receiving Defendant's motion to dismiss. (See Exh. 4 to Decl. of Gavin P. Kassel [First Amended Complaint].) The First Amended Complaint clarifies the operative facts and expands the putative class by adding Stacey Horne, Jason Arballo, and Monica Gonzalez, the latter being a Disneyland employee who experienced the same DAS protocol. Specifically, the putative class now includes both consumers and employees, detailing that: (1) both consumers (day pass and magic key purchasers) and employees (who received park passes as an employee benefit) were denied DAS, and (2) consumers that had their sensitive medical information extracted during interviews after consulting with an Inspire Health Alliance nurse practitioner. (See Decl. of Gavin P. Kassel para. 6).

On April 11, 2025, Plaintiffs' counsel emailed defense counsel to set a meet-and-confer on remand, noting that diversity is absent because Inspire Health Alliance member Rick Salas—like Plaintiff Jason Arballo—is a citizen of Utah. (See Exh. 4 to Decl. of Gavin P. Kassel [April 11, 2025, Email sent by Gavin Kassel]).

On April 16, 2025, the parties engaged in a video call on Teams to discuss Plaintiffs' Motion for Remand and their respective positions. This discussion, along with the earlier correspondence between the parties, constituted a conference of counsel pursuant to Local Rule 7-3. (See Decl. of Gavin P. Kassel para. 8).

Accordingly, Plaintiffs now move under 28 U.S.C. § 1447(c) to return this matter to the Orange County Superior Court.

### III. LEGAL STANDARD

Federal jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity See 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements of 28 U.S.C. § 1332 are satisfied and if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441.

Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes and therefore look to the citizenship of each member of the company: "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Johnson v. Columbia Properties Anchorage*, LP 437 F3d 894, 899 (9th Cir. 2006). Unlike a corporation, an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).

### IV. ARGUMENT

**A. Complete Diversity Is Absent Because Inspire Health's LLC Member and Plaintiff Jason Arballo are both Utah Citizens**

Here, Exhibit D to Defendants' Notice of Removal—Rick Salas's signed declaration—confirms in paragraph 4 that Inspire Health Alliance, LLC "has two members," and that Salas, one of those members, is a citizen of Utah. (See Exh. 2 to Decl. of Gavin P. Kassel [Defendant's Notice of Removal of Action Ex. D Decl. of

Rick Salas para 4].) Plaintiff Jason Arballo is likewise a Utah citizen (See Decl. of Jason Arballo para. 1).

Because any overlap in citizenship destroys diversity, diversity jurisdiction is lacking.

**B. Mr. Arballo Was Properly Joined Under Rule 20**

Federal Rule of Civil Procedure 20 permits permissive joinder where (1) claims arise out of the same transaction, occurrence, or series thereof, and (2) any question of law or fact is common. The rule is "liberally construed in the interest of judicial economy." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Any person may join as co-plaintiff, or be joined as a co-defendant, if: (1) a right to relief is asserted by or against them jointly, severally, or in the alternative; (2) the right to relief arises out of the same transaction, occurrence or series of transactions or occurrences; and (3) any question of law or fact common to all parties joined will "arise in the action." FRCP 20(a)(1), (2); see also *Grubbs v. General Elec. Credit Corp.*, 405 US 699, 705 (1972); All Plaintiffs challenge the same policy change (the June 2024 DAS overhaul), the same interview process administered jointly by Disney and Inspire Health, and the same denial of accommodations. The factual overlap is substantial; proof of one Plaintiff's experience is relevant to the others.

Plaintiffs share numerous legal and factual issues: whether the revised criteria discriminate against certain disabilities, whether medical-privacy laws were violated, whether Inspire Health acted as Disney's agent, and whether the DAS terms are unenforceable. These overlapping issues easily satisfy FRCP Rule 20.

Mr. Arballo purchased a single-day ticket, disclosed his disability during the DAS interview, was denied DAS, and—like many guests—was effectively forced to buy paid Lightning Lane access. (See Decl. of Jason Arballo para. 5). Acting as a

comprehensive bridge plaintiff, Mr. Arballo simultaneously represents single-day guests funneled through the burdensome DAS interview, individuals whose sensitive medical data was improperly solicited or shared, disabled consumer guests categorically denied accommodation and consequently pressured into buying Lightning Lane or Genie+ access, and consumers harmed by Disney's allegedly deceptive, misleading, or unconscionable representations and terms surrounding those paid queue services. His claims arise from the same DAS policy and present common questions of law and fact with the other Plaintiffs' claims.

As such, remedial concerns—such as Mr. Arballo's subclass of day-pass purchasers—do not defeat joinder; they illustrate why trying the claims together promotes efficiency.

## V. CONCLUSION

Because Plaintiff Jason Arballo and Inspire Health managing member Rick Salas are both citizens of Utah, complete diversity is absent and this Court lacks subject-matter jurisdiction.

Plaintiffs therefore respectfully request that the Court remand this action to the Superior Court of California, County of Orange, forthwith.

Dated: April 29, 2025

/s/ Gavin Kassel
Gavin P. Kassel, Esq.
**MCCUNE LAW GROUP, APC.**
Attorneys for Plaintiffs

# PROOF OF SERVICE

*Malone v Walt Disney*
Case No. 8:25-cv-00562-SRM-DFM

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the state of California, County of San Bernardino, in the office of a member of the bar of this court at whose direction the service was made. My business address is 3281 E. Guasti Rd. Ste. 100, Ontario, CA 91761.

On May 2, 2025 I served the following document(s):
**TRISHA MALONE MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA, DECLARATIONS, PROPOSED ORDER**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed stated on the attached service list.

☒ with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (Federal) I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ (Federal) I declare that I am **a member** of the State Bar of this Court. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 2, 2025 at San Bernardino, CA.

Brandi Rodriguez                                   */s/ Brandi Rodriguez*
Type or Print Name                                 Signature

# **SERVICE LIST**

| | |
|---|---|
| Shane Singh | Attorneys for Defendants |
| 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833 | Walt Disney Parks and Resorts U.S., INC.; INSPIRE HEALTH ALLIANCE, LLC. |
| Telephone: (916) 646-8217 | |
| Email: Shane.Singh@lewisbrisbois.com | |
| Jeremy M. White | |
| 500 North Capitol Street, NW, Washington, DC 20001-1531 | |
| Telephone: (202) 756-8694 | |
| Email: Jmwhite@mwe.com | |