| | |
|---|---|
| 1 | Michele M. Vercoski [Bar No. 244010] |
| 2 | mmv@mccunelawgroup.com |
|   | Yasmin N. Younessi [Bar No. 331327] |
| 3 | ynv@mccunelawgroup.com |
| 4 | Gavin P. Kassel [Bar No. 284666] |
|   | sboffice@mccunelawgroup.com |
| 5 | **MCCUNE LAW GROUP, APC** |
| 6 | 18565 Jamboree Road, Ste. 550 |
| 7 | Irvine, CA  92612 |
|   | Telephone: (909) 557-1250 |
| 8 | Facsimile: (909) 557-1275 |

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA MALONE, JASON ARBALLO; and each of them<br><br>              Plaintiffs,<br><br>    v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.; DOES 1 through 50, INSPIRE HEALTH ALLIANCE, LLC, DOES 51-100 inclusive,<br><br>              Defendants. | Case No.: 8:25−cv−00562−SRM−DFM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA**<br><br>Date: July 24, 2025<br>Time: 1:30 PM<br>Place: 350 W. First Street<br>           Courtroom 5D<br>           Los Angeles, CA 90012<br><br>Judge: Serena R. Murillo<br>Action Filed: February 10, 2025<br>Action Removed: March 21, 2025 |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Walt Disney Parks and Resorts U.S., Inc.'s ("WDPR") Opposition to Plaintiffs' Motion for Remand is built on a foundation of misdirection. It asks this Court to focus on the general principle that jurisdiction is tested at the time of removal, a rule that is both well-known and, in this specific context, incomplete. WDPR's entire argument hinges on portraying the post-removal joinder of Plaintiff Jason Arballo as a "prohibited" tactic designed solely to destroy diversity. This characterization conveniently ignores the specific congressional mandate that governs this exact procedural scenario: 28 U.S.C. § 1447(e).

The plain language of § 1447(e) expressly grants this Court the discretion to permit the joinder of a diversity-destroying party and remand the action to state court. WDPR's failure to engage with this controlling statute is a tacit admission of its argument's central weakness. The joinder of Mr. Arballo was not a cynical ploy, but a procedurally proper and necessary step to ensure the adequate representation of a distinct subclass—single-day ticket purchasers—as required by Federal Rule of Civil Procedure 23. Failing to add a representative for this group would expose the putative class to a meritorious challenge from WDPR itself down the line.

WDPR's opposition fundamentally mischaracterizes the First Amended Complaint ("FAC") as a singular, tactical maneuver designed only to add Mr. Arballo and defeat diversity. This ignores the true scope of the amendment, which was far more comprehensive and demonstrates a clear, good-faith motive to properly structure this litigation. The FAC did not just add one plaintiff; it added three—Mr. Arballo, Stacy Horne, and Monica Gonzalez—each of whom represents a distinct subclass with unique factual circumstances. Critically, the FAC also asserted entirely new and additional legal theories through Ms. Gonzalez, a Disney employee, who brings claims under California's Fair Employment and Housing Act (FEHA) and

1  Labor Code. The addition of multiple plaintiffs and new causes of action
2  distinguishes this case from the simplistic or purely tactical amendments in the cases
3  WDPR relies upon and underscores that the primary purpose of the amendment was
4  to ensure all aggrieved parties and claims could be adjudicated efficiently in a single
5  action, not simply to escape a federal forum.

6  II.     ARGUMENT

7        WDPR's core argument is that federal jurisdiction is immutably fixed at the
8  moment of removal and that any post-removal amendment by a plaintiff to add a
9  party that destroys diversity is doomed to failure. This is a misleading
10 oversimplification of removal jurisprudence that conveniently sidesteps the specific
11 controlling authority. Any question of law or fact common to all parties will allow
12 joinder where (a) plaintiffs' claims arise out of the "same transaction, occurrence, or
13 series of transactions or occurrences" and (b) there is at least one common question
14 of law or fact linking all claims. [FRCP 20(a)(1), (2); see *Grubbs v. General Elec.*
15 *Credit Corp.* (1972) 405 US 699, 705 (1972); *Acevedo v. Allsup's Convenience*
16 *Stores, Inc.* 600 F3d 516, 521 (5th Cir. 2010); *Inman v. C.I.R.* 871 F.Supp. 1275,
17 1276 (ED CA 1994).

18       Furthermore, WDPR's singular focus on federal retention of jurisdiction
19 ignores that CAFA itself is not a one-way ticket to federal court. Congress explicitly
20 built in mandatory jurisdictional "off-ramps" designed to keep local controversies in
21 state court. Under the "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), a
22 district court must decline jurisdiction when, among other factors, more than two-
23 thirds of the plaintiffs are citizens of the forum state and at least one in-state
24 defendant's conduct forms a "significant basis" for the claims. This challenges
25 WDPR's inflexible stance by directly addressing a post-removal occurrence—the
26 addition of a non-diverse party. WDPR advocates for the rigid "time-of-removal"
27 rule because it eliminates the need for the nuanced, equity-driven analysis required
28

by permissive joinder and court precedent—an analysis that clearly supports remand.

### A. WDPR'S RELIANCE ON *BROADWAY GRILL* AND *STROTEK* IS MISPLACED

WDPR's opposition leans heavily on two Ninth Circuit cases, *Broadway Grill, Inc. v. Visa Inc.* and *Strotek Corp. v. Air Transport Ass'n of Am.*, to support its argument that Plaintiffs' amendment is an impermissible tactic. A closer look reveals that neither case is controlling, as both are factually and legally distinguishable from the matter at hand.

*Broadway Grill* is fundamentally different from Plaintiffs' actions here. In *Broadway Grill*, the plaintiffs, after removal under CAFA, attempted to amend the *class definition itself* from all California individuals, businesses and other entities to only California citizens. The court explained this was an attempt to gerrymander the class composition to fit within CAFA's narrow "local controversy" exception, thereby divesting the court of the minimal diversity that existed at removal. *Broadway Grill, Inc. v. Visa Inc.,* 856 F.3d 1274, 1279 (9th Cir. 2017).

The distinction between this case and that of *Broadway Grill* is critical. Here, Plaintiffs utilized Federal Rule of Civil Procedure 15(a) to amend their complaint as a matter of course, adding a new, non-diverse named plaintiff, Jason Arballo only after receiving WDPR's motion to dismiss. The purpose of this joinder, as per FRCP 20, was to assure adequate representation for a specific group of single-day ticket holders and to address WDPR's inadequate factual contentions in Plaintiff's complaint, as outlined in their motion to dismiss. In stark contrast, the plaintiffs in *Broadway Grill* sought leave to amend the *class definition itself*, changing it to include only "California citizens" after their initial remand motion was denied. Their explicit goal was not to add a necessary party, but to gerrymander the class to fit within CAFA's "local controversy" exception and thereby eliminate the minimal

diversity that formed the basis for removal.

In fact, Plaintiffs generally should be permitted to amend their complaint to address CAFA specific issues such as the local controversy exception, and, in that event, the amended complaint will be analyzed to evaluate jurisdiction. [*Benko v. Quality Loan Service Corp*. 789 F3d 1111, 1117-1118 (9th Cir. 2015) —when plaintiffs amend complaint to explain nature of action for purposes of jurisdictional analysis, court may consider amended complaint to determine whether an in-state defendant is "significant" such that remand to state court under CAFA's local controversy exception is appropriate; compare].

WDPR incorrectly claims Mr. Arballo's claims merely "overlap" with Ms. Malone's and that no claims depend on his specific facts. This ignores a critical distinction: Mr. Arballo, a single-day ticket holder, was allegedly compelled to purchase WDPR's paid "Genie+" service after being wrongfully denied DAS. This is a distinct economic injury not suffered by Ms. Malone, a Magic Key annual pass holder. This specific injury makes Mr. Arballo an essential representative for the subclass of consumers who were forced into a second, unwanted transaction, and it provides a concrete factual basis for the damages component of the Consumer Legal Remedies Act (CLRA) claim. Far from being a bad-faith manipulation, adding Mr. Arballo was a necessary clarification to ensure proper class representation under FRCP 23 and to fortify the CLRA claim with a representative who suffered direct, out-of-pocket financial harm due to WDPR's allegedly deceptive practices. This is exactly the type of good-faith, clarifying amendment *Benko* permits, and it directly contradicts WDPR's self-serving interpretation of the law.

Thus, the legal framework in *Broadway Grill* revolved around the requirements of CAFA's jurisdictional grant and its exceptions under 28 U.S.C. § 1332(d), not the discretionary joinder analysis of § 1447(e) that governs here. WDPR's attempt to equate amending a class definition to destroy CAFA jurisdiction

with joining a necessary party representative is an attempt to compare apples and oranges. The former is a prohibited manipulation; the latter is a proper procedural step subject to the Court's sound discretion under § 1447(e).

WDPR's citation to *Strotek* for the core principle of removal jurisdiction is similarly unavailing. *Strotek* involved a plaintiff who sued an entity it mistakenly believed was an unincorporated association with non-diverse members. In reality, the defendant entity had incorporated before the lawsuit was filed, making it a citizen of a different state and thus completely diverse. The Ninth Circuit simply held that the *actual facts* concerning the defendant's citizenship at the time of filing and removal controlled, not the plaintiff's incorrect allegations. *Strotek Corp. v. Air Transp. Ass'n. of Am.,* 300 F.3d 1129, 1132 (9th Cir. 2002). *Strotek* also simply involved the joinder of "a nominal party with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." *Id.* at 1133.

Here, however, Mr. Arballo is not simply a nominal party, but rather fulfills Plaintiffs' duty of adequate representation under FRCP 23 for a distinct subclass (day-pass holders) who suffered a unique economic injury (being compelled to purchase Genie+). This is a proper, and indeed necessary, litigation step to ensure all claims are adjudicated fairly and efficiently. *Desert Empire Bank*, when read correctly, stands for the principle that discretionary joinder and remand are appropriate when substantively justified, a standard Plaintiffs readily meet.

### B. THE EQUITIES WEIGH OVERWHELMINGLY IN FAVOR OF PERMITTING JOINDER AND REMANDING UNDER § 1447(e)

Traditionally, only the citizenship of the named parties in a class action (the representative plaintiff and defendants) is considered for diversity purposes. That the action is maintained on behalf of other, nondiverse class members does not affect diversity jurisdiction. *Snyder v. Harris* 394 US 332, 339-340 (1969). Moreover, § 1447(e) applies when plaintiffs seek to add non-diverse parties after removal,

making remand appropriate if the court allows joinder. *Stevens v. Brink's Home Security, Inc.,* 378 F.3d 944, 948-49 (9th Cir. 2004).

### 1. Plaintiff Arballo's Joinder Serves the Interest of Just Adjudication and Fulfills Plaintiffs' Duty of Adequate Representation

Mr. Arballo's joinder is not only proper under the liberal standards of FRCP 20, as his claims arise from the exact same DAS policy and process as the other Plaintiffs, but it is also crucial for the proper maintenance of this case as a class action under FRCP 23. Mr. Arballo is the only named plaintiff who purchased a single-day ticket to Disneyland; the original plaintiff, Ms. Malone, used a Magic Key annual pass. These are factually distinct circumstances that could give rise to different defenses or damage models.

To ensure the interests of the single-day ticket holder subclass are "fairly and adequately" protected per FRCP 23(a)(4), a representative from that subclass is essential. Adding Mr. Arballo is not a reactive tactic to escape federal court; it is a proactive and responsible measure to fortify the class against a future, and likely meritorious, challenge from WDPR that Ms. Malone cannot adequately represent the interests of all park guests. This action promotes judicial efficiency by curing a potential defect in the class structure at the outset, thereby reframing the "motive" factor from a negative (destroying diversity) to a positive (ensuring a viable, well-represented class action).

### 2. *Desert Empire Bank* Supports Remand When Joinder is Substantively Justified

WDPR's reliance on *Desert Empire Bank v. Ins. Co. of N.A*. is particularly disingenuous. WDPR cites the case for the proposition that a court should view Plaintiffs' motive with suspicion, yet it ignores the case's actual holding, which affirmed the joinder of a non-diverse defendant and the subsequent remand of the action to state court. *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1376

(9th Cir. 1980). The Ninth Circuit did not establish a rigid rule against post-removal joinder; rather, it articulated a flexible, multi-factor test precisely to distinguish between a tactical, bad-faith joinder and one that is substantively justified. The court in *Desert Empire Bank* permitted joinder because the new defendant was deeply involved in the occurrences giving rise to the lawsuit, and the plaintiff was not found to have an improper motive. *Id.* The court recognized that the joinder served the interests of judicial economy by resolving related claims in a single forum. This procedural distinction is significant, as the plaintiff in *Desert Empire Bank* sought to add a non-diverse defendant, whereas here, Plaintiffs have added a non-diverse co-plaintiff. The equitable analysis should therefore weigh even more heavily in favor of joinder, as the core purpose of diversity jurisdiction—protecting out-of-state defendants from local bias—is not implicated by the addition of another plaintiff.

## III. CONCLUSION

WDPR's opposition attempts to divert the Court's attention from the controlling legal standard. It relies on inapposite case law and ignores the clear text of 28 U.S.C. § 1447(e), which grants this Court the precise authority needed to resolve the current motion. A proper analysis under the equitable factors established in the Ninth Circuit demonstrates that the joinder of Plaintiff Jason Arballo was a timely, prudent, and necessary action to ensure the adequate representation of the putative class. The equities—promoting judicial economy, avoiding prejudice to Plaintiffs, and respecting Plaintiffs' right to structure their case—all weigh heavily in favor of permitting the joinder. Once joinder is permitted, the resulting lack of complete diversity between the named parties requires that this action be remanded.

///

///

///

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion and remand this action to the Superior Court of California, County of Orange.

DATED: July 10, 2025

Respectfully submitted,

**MCCUNE LAW GROUP, APC**

By: */s/ Michele M. Vercoski*

Michele M. Vercoski
Yasmin N. Younessi
Gavin P. Kassel
Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on this 10TH day of July 2025, I electronically filed the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND TO SUPERIOR COURT OF CALIFORNIA with the Clerk of the Court using CM/ECF system.

I also certify the document and a copy of the Notice of Electronic Filing was served on the following CM/ECF participants:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MARY A. SMIGIELSKI
E-Mail: Mary.Smigielski@lewisbrisbois.com
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: 312.345.1718
Facsimile: 312.345.1778

SHANE SINGH
E-Mail: Shane.Singh@lewisbrisbois.com
GRACE E. MEHTA
E-Mail: Grace.Mehta@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant,
INSPIRE HEALTH ALLIANCE, LLC

Marjorie C. Soto Garcia
mcsotogarcia@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +310 277 4110

1 | Facsimile: +310 277 4730

2

3 | Kerry Alan Scanlon
kscanlon@mwe.com
4 | Jeremy M. White
jmwhite@mwe.com
5 | **McDERMOTT WILL & EMERY LLP**
6 | 500 North Capitol Street, NW
Washington, D.C. 20001-1531
7 | Telephone: +202 756 8000
8 | Facsimile: +208 756 8087

9
Attorneys for Defendant
10 | WALT DISNEY PARKS AND
RESORTS U.S., INC
11

12                              */s/ Dominique Alferez*

13                                Dominique Alferez

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
CERTIFICATE OF SERVICE