Marjorie C. Soto Garcia (SBN 313290)
mcsotogarcia@mwe.com
**McDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +310 277 4110

Kerry Alan Scanlon (admitted *pro hac vice*)
kscanlon@mwe.com
Jeremy M. White (admitted *pro hac vice*)
jmwhite@mwe.com
**McDERMOTT WILL & SCHULTE LLP**
500 North Capitol Street, NW
Washington, D.C. 20001-1531
Telephone: +202 756 8000

Attorneys for Defendant
WALT DISNEY PARKS AND
RESORTS U.S., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA MALONE, JASON ARBALLO, STACY HORNE, and MONICA GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., DOES 1 through 50, INSPIRE HEALTH ALLIANCE, LLC, DOES 51-100 inclusive,<br><br>Defendants. | CASE NO. 8:25-cv-00562-SRM-DFM<br><br>**DECLARATION OF JEREMY M. WHITE IN SUPPORT OF WALT DISNEY PARKS AND RESORTS U.S., INC.'S MOTION TO STAY DISCOVERY**<br><br>Judge: Hon. Serena Murillo<br>Date: October 8, 2025<br>Time: 1:30 p.m.<br>Ctrm: 5D<br>Action Filed: February 10, 2025<br>Action Amended: April 7, 2025 |

DECLARATION OF JEREMY M. WHITE CASE NO. 8:25-CV-00562

# DECLARATION OF JEREMY M. WHITE

I, Jeremy M. White, declare as follows:

1. I am a Partner at the law firm of McDermott Will & Schulte LLP, and represent Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") in the above-captioned matter.

2. I respectfully submit this declaration in support of WDPR's motion to stay discovery. WDPR is requesting a stay of discovery pending resolution of its motion to dismiss Plaintiffs' amended complaint with prejudice.

3. On August 18, 2025, counsel for the parties met and conferred (via video conference) regarding WDPR's motion to stay discovery and Inspire Health Alliance, LLC's ("Inspire") motion to stay discovery. During the meet and confer, the parties discussed the impact that WDPR's motion to dismiss may have on the scope of this case, including on the discovery requested by Plaintiffs. Counsel for Plaintiffs agreed that the pending motion to dismiss, if granted, would be dispositive of the entire case. They also agreed that if the Court dismisses Plaintiffs' claims under the Consumer Legal Remedies Act and determines that the class action wavier included in the DAS terms and conditions is enforceable, Plaintiffs will not be able to pursue their class claims and there will be no need for any class discovery.

4. The parties also discussed the potential impact a stay of discovery may have on Plaintiffs in the event that it is granted. The only prejudice that counsel for Plaintiffs identified was their concern that Plaintiffs would have less time to conduct class discovery if a stay of discovery was entered and the current deadlines were not extended.

5. To alleviate that concern in its entirety (and to avoid motion practice), I, along with Inspire's counsel, agreed we would consent to an extension of the current discovery deadlines equal to the length of the stay if the Court grants the motion to stay. In other words, the only prejudice to Plaintiffs from the requested stay of discovery is one that WDPR (and Inspire) agreed to cure.

1

DECLARATION OF JEREMY M. WHITE CASE NO. 8:25-CV-00562

6. Counsel for Plaintiffs subsequently rejected the proposal by WDPR and Inspire, and therefore WDPR was forced to file the instant motion requesting that the Court stay all discovery in this case pending resolution of its motion to dismiss.

I declare that the facts identified above are true and correct to the best of my knowledge and belief.

Executed on this 27th day of August, 2025.

　　　　　　　　　　　　　　　　　/s/ *Jeremy M. White*
　　　　　　　　　　　　　　　　　JEREMY M. WHITE