Michele M. Vercoski [Bar No. 244010]
mmv@mccunelawgroup.com
Yasmin N. Younessi [Bar No. 331327]
ynv@mccunelawgroup.com
Gavin P. Kassel [Bar No. 284666]
sboffice@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
31 WEST STUART AVE., SUITE 300
REDLANDS, CA 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiffs
TRISHA MALONE, JASON ARBALLO,
STACY HORNE, and MONICA GONZALEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)

| | |
|---|---|
| TRISHA MALONE, JASON ARBALLO, STACY HORNE, and MONICA GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.; INSPIRE HEALTH ALLIANCE, LLC., DOES 1 through 50, DOES 51-100 inclusive,<br><br>Defendants. | Case No.: 8:25-cv-00562-SRM-DFM<br><br>**DECLARATION OF MICHELE M. VERCOSKI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT, WALT DISNEY PARKS AND RESORTS U.S., INC.'s MOTION TO STAY**<br><br>Date of Hearing: 10/08/2025<br>Time of Hearing: 1:30 P.M.<br>Courtroom: 5D<br><br>Hon. Serena Murillo<br>Complaint Filed: February 10, 2025<br>Complaint Amended: April 7, 2025 |

I, Michele M. Vercocki, declare:

1. I am a Partner at McCune Law Group, APC, and counsel of record for Plaintiffs in the above-captioned matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2. I submit this declaration in opposition to Defendant Walt Disney Parks and Resorts U.S., Inc.'s ("WDPR") Motion to Stay Discovery and in response to the Declaration of Jeremy M. White (the "White Declaration").

3. As early as April 2025, Plaintiffs' counsel diligently attempted to move this case forward. Attached hereto as **Exhibit B** is a true and correct copy of email correspondence from that month. This correspondence shows that on April 22 and April 25, 2025, my co-counsel, Gavin P. Kassel, repeatedly requested to schedule the parties' Rule 26(f) conference. On April 29, 2025, counsel for WDPR, Jeremy White, responded by deferring the conference, stating that discovery would be a "waste of time and resources" because the case was "likely to be dismissed". Mr. White explicitly stated that if Plaintiffs proceeded with discovery, WDPR would "have no choice but to file a motion to stay all discovery".

4. On August 18, 2025, counsel for the parties, including me, met and conferred by video regarding WDPR's (and Inspire Health Alliance, LLC's) request for a stay of discovery. We discussed WDPR's pending motion to dismiss and its asserted impact on discovery.

5.      Contrary to ¶¶ 3–5 of the White Declaration, I did not agree—and Plaintiffs have never agreed—that WDPR's motion to dismiss is "fully dispositive" of the entire case because Plaintiff's clearly would have leave to amend if the court finds Plaintiffs must allege further facts. Nor did I agree that, if any particular claim (including the CLRA), "there will be no need for any class discovery." Plaintiffs' claims under the ADA/Unruh Act, CMIA, UCL, and related relief remain independent grounds for discovery, including discovery relevant to class certification (e.g., numerosity, commonality, typicality, and adequacy) and injunctive relief.

6.      During the meet and confer, I explained that an across-the-board stay would prejudice Plaintiffs and the putative class, including by delaying access to documents and testimony necessary to prosecute their claims, compressing the already-limited class-discovery window, risking loss of ephemeral electronically stored information (e.g., chat logs and short-retention communications), and impairing witness recollection. I also explained that early discovery is needed from WDPR and Inspire on the DAS eligibility criteria, training and scripts, the role of Inspire in interviews, the functionality and limitations of Disney's alternative queue accommodations, and communications or analyses concerning the June 2024 policy changes.

7.      WDPR's proposal to "cure" prejudice by extending future deadlines by

the length of the stay (referenced in ¶ 5 of the White Declaration) did not address the foregoing harms, which include ESI preservation issues, third-party discovery timing (particularly from Inspire and vendors), and the practical challenges of scheduling Rule 30(b)(6) depositions and percipient witnesses once discovery resumes. I therefore did not agree to WDPR's proposed stay/extension framework.

8. Plaintiffs have diligently pursued discovery. Plaintiffs propounded initial written discovery to WDPR (Requests for Production, Requests for Admission, and Interrogatories). On August 27, 2025, WDPR served responses consisting largely of boilerplate objections and withholding of information pending a stay. A true and correct copy of Plaintiffs' September 9, 2025, Local Rule 37-1 letter addressing these deficiencies is attached as **Exhibit A**.

9. Initial disclosures have been exchanged. In Defendants' own footnote in the Joint Rule 26(f) Report, they acknowledged they could not provide a complete list of percipient witnesses and key documents until after reviewing Plaintiffs' discovery responses—confirming that discovery should proceed forthwith.

10. A stay is not automatic upon the filing of a dispositive motion. From my review of the Federal Rules and authorities, a stay requires a strong showing of good cause, and courts balance potential prejudice to the non-movant, the breadth of the requested pause, and whether the pending motion can be decided without discovery. In this case, Plaintiffs' targeted discovery is necessary to move this case

toward class certification and injunctive relief and to effectuate Rule 1's mandate for a just, speedy, and inexpensive determination.

11. Based on the foregoing, the White Declaration's characterization of Plaintiffs' position is inaccurate, and WDPR has not shown good cause to halt discovery across the board. Plaintiffs remain willing to meet and confer on sequencing, reasonable confidentiality safeguards, and burden-reducing search parameters, but an overbroad stay would unfairly prejudice Plaintiffs and the putative class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 17th day of September, 2025, at Redlands, California.

                                         */s/ Michele M. Vercoski*
                                             Michele M. Vercoski

# EXHIBIT 'A'



31 WEST STUART AVE SUITE 300
REDLANDS, CA 92374
PHONE: 909-557-1250
FAX: 909-557-1275
ATTORNEY
MICHELE M. VERCOSKI
MMV@MCCUNELAWGROUP.COM
YNV@MCCUNELAWGROUP.COM
SBOFFICE@MCCUNELAWGROUP.COM

September 9, 2025

**VIA EMAIL**
Marjorie C. Soto Garcia
**McDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206

Kerry Alan Scanlon
Jeremy M. White
**McDERMOTT WILL & SCHULTE LLP**
500 North Capitol Street, NW
Washington, D.C. 20001-1531
E-Mail: mcsotogarcia@mwe.com; kscanlon@mwe.com; jmwhite@mwe.com

Re: *Malone, et al. v. Walt Disney Parks and Resorts U.S., Inc., et al.*
Case No. 8:25-cv-00562-SSRM-DFM

**MEET AND CONFER**

Dear Counsel:

    We are writing in compliance with Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1 to meet and confer regarding the significant deficiencies in Defendant Walt Disney Parks and Resorts, U.S., Inc.'s ("WDPR") Responses to Plaintiffs' Requests for Admission (Set One), Requests for Production of Documents (Set One), and Special Interrogatories (Set One), all dated August 27, 2025.

    WDPR's responses consist entirely of improper boilerplate objections and a blanket refusal to provide any substantive information, based on the pendency of its motion to dismiss. This approach violates both the spirit and letter of the Federal Rules of Civil Procedure.

September 9, 2025
Page 2 of 5



### I. WDPR's Refusal to Respond Based on its Pending Motion to Dismiss is Improper

WDPR's primary objection and refusal to respond is that discovery is "premature" because of its pending Motion to Dismiss. This is not a valid objection. The filing of a dispositive motion does not automatically stay discovery. *See, e.g., Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

A stay of discovery is the exception, not the rule. The Federal Rules of Civil Procedure contemplate a liberal discovery process to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While Rule 26(c) permits a court to issue a protective order to stay discovery for "good cause," the party seeking such a stay bears a heavy burden of making a "strong showing" that a stay is warranted. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

As the Supreme Court explained, "If there is even a fair possibility that the stay ... will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis v North American Co.*, 299 U.S. 248, 255 (1936). The decision whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Further, the moving party must show that the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and that the motion "can be decided absent additional discovery." *See, e.g., In re Nexus 6P Prods. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). A stay is not appropriate where discovery is necessary to address the arguments raised in the dispositive motion. Furthermore, the fact that a motion to dismiss has been filed is, by itself, is insufficient to demonstrate good cause for a stay. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

WDPR's motion to stay failed to meet the forgoing high bar. making the stay inappropriate. Discovery is not automatically stayed in this case simply because WDPR filed a motion to stay. WDPR has a clear obligation to respond. Your unilateral refusal to provide any substantive responses is improper and sanctionable.

### II. WDPR's General Objections are Unacceptable Boilerplate

WDPR has included a litany of "General Objections" which it incorporates by reference into every response. This practice is improper. Objections must be specific to each request. *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B), 36(a)(5). An objection on the grounds of vagueness is only proper if a request is so ambiguous that the responding party cannot, in good faith, frame an intelligent reply. Parties should "admit to the fullest extent possible and *explain in detail* why other portions of a request may not be admitted." Failure to do so may result in sanctions. *Marchandv.Mercy Med. Ctr.* (9th Cir. 1994) 22 F3d 933, 938. It is inconceivable that WDPR, the very entity alleged to have provided the DAS services, does not understand the term.



### III. WDPR's Reliance on *Mantolete v. Bolger* to Withhold Class Discovery is Misplaced

In response to numerous requests seeking information about the scope and implementation of its DAS policy changes (including RFA Nos. 10, 11, 22, 24; RFP Nos. 3, 9, 16, 23, 24, 25, 26; and Interrogatory Nos. 1, 2, 3, 8, 11, 12, 13, 17, 18), WDPR improperly objects that Plaintiffs are not entitled to class discovery, citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). This objection is meritless and misapplies the standard for pre-certification discovery.

Disney's reliance on *Mantolete v. Bolger* to avoid giving substantive discovery responses is misplaced because that case is limited to §501 of the Rehabilitation Act and not § 504. The concurring opinion by District Judge Rafeedie specifically emphasizes that the case "decides issues *solely* under § 501 and not § 504." *Id.,* Concurrence at p. 1425. The decision imposes demanding information-gathering requirements upon federal employers under § 501, but it leaves open the question of whether these requirements are applicable to private employers under § 504. *Ibid.* Section 501 contains express language and implementing regulations that justify these burdens on federal employers, whereas § 504 does not contain such express statements, further weaking any attempt to stretch it into a blanket objection for a private employer in civil litigation. *Ibid.*

The discovery sought is not a boundless fishing expedition; it is directly targeted at obtaining the evidence necessary to support a motion for class certification, which is set for January 23, 2026 which is also the motion for class certification deadline. Information regarding the number of DAS applicants and denials (Interrogatories 1 & 2), the standardized questions asked during interviews (RFAs 10 & 11), and internal analyses of alternative accommodations (RFP 26) is essential to establishing numerosity, commonality, and typicality under Rule 23. See *Barnhart v. Safeway Stores, Inc.*, 60 Fair Empl. Prac. Cas. (BNA) 751, 25 Fed. R. Serv. 3d 35 (E.D. Cal. 1992) ("Many courts, including the Ninth Circuit, have recognized that discovery is often necessary to determine if a class is maintainable and to define the scope of the class."); see also § 7:16. Scope of certification-related discovery—Generally, 3 Newberg and Rubenstein on Class Actions § 7:16 (6th ed.) In developing those facts, the basic parameters of Rule 26(b)(1) apply in the first instance: the parties may discover any relevant information that is not privileged. It is a classic catch-22 for WDPR to withhold the very evidence needed to substantiate class allegations and then argue that Plaintiffs have not substantiated them.

Accordingly, *Mantolete* provides no privilege, proportionality, or undue-burden basis under the Federal Rules to refuse certification-related discovery. WDPR cannot block any and all class-related discovery as an attempt to stymie this litigation at its outset. The objection is improper and must be withdrawn.

### IV. Deficiencies in Responses to Requests for Admission

WDPR refused to substantively respond to a single Request for Admission, lodging the same series of boilerplate objections to each.

- **"Vague and Ambiguous":** WDPR objects to terms like "modifications to YOUR DAS policy" (RFA No. 1) or "assist in assessing" (RFA No. 4) as vague and ambiguous. These terms are plain English and clearly understood in the context of this litigation. Such objections are frivolous. An answering party has a duty to make a reasonable inquiry to understand a request.

September 9, 2025
Page 4 of 5

- **"Overbroad and Unduly Burdensome":** WDPR objects to requests concerning its general practices (e.g., RFA Nos. 5, 10, 11) as overbroad and burdensome. However, these requests are directly relevant to the certification requirements and are likely to produce substantiation of the class allegations, specifically issues of numerosity, commonality, typicality, adequacy of representation, counsel's adequacy, and/or the predominance of common issues and the superiority of the class device. Under Fed. R. Civ. P. 26(b)(1), relevance is construed broadly. Furthermore, an objection of undue burden must be supported by a specific showing of how the request is burdensome by submitting evidentiary declarations supporting such objections, which WDPR has failed to do. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).
- **"Confidential Information":** WDPR objects that requests require disclosure of "confidential information" (e.g., RFA Nos. 1, 4, 7). This is not a valid objection to withhold discovery. The proper procedure is to produce the information subject to a protective order, which we are prepared to stipulate to. *See* Fed. R. Civ. P. 26(c).
- **"Calls for a Legal Conclusion":** WDPR objects to requests such as RFA No. 25 ("Admit that INSPIRE is a 'healthcare provider'...") as calling for a legal conclusion. However, Fed. R. Civ. P. 36(a)(1)(A) expressly permits requests for admission to relate to "facts, the application of law to fact, or opinions about either." This objection is meritless.

### V. Deficiencies in Responses to Requests for Production

WDPR has not agreed to produce a single document. Its objections are equally unfounded.

- **Relevance and Proportionality:** WDPR objects to nearly every request as seeking information that is not "tailored" or "proportional" (e.g., RFP Nos. 1, 2, 8). For example, RFP No. 1 seeks policies and procedures for the DAS program. This is eminently relevant and proportional to a case *about* the DAS program. The scope of discovery is broad, and these documents are essential to understanding the program's design and implementation which informs and substantiates the class certification issues.
- **Attorney-Client Privilege / Work Product:** WDPR asserts privilege over broad categories of documents without providing a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A). For example, in response to RFP No. 6, regarding Title III's applicability, WDPR claims the request "calls for information protected by the attorney-client privilege." This blanket assertion is improper. If specific documents are privileged, they must be identified on a privilege log.

### VI. Deficiencies in Responses to Special Interrogatories

WDPR's responses to interrogatories follow the same obstructive pattern.

- **Overbreadth/Undue Burden:** WDPR objects to interrogatories seeking the number of DAS applicants (Interrogatory No. 1) and denials (Interrogatory No. 2) as unduly burdensome because it would require reviewing thousands of guest files. This data is necessary to resolve factual issues related to class certification. If this information is maintained in a database, running a query is not unduly burdensome. If it is not, WDPR must explain in detail why retrieving this information constitutes an undue burden.

September 9, 2025
Page 5 of 5



- **Exceeding Numerical Limits:** WDPR objects to Interrogatories 16-19 on the grounds that Plaintiffs have exceeded the 25-interrogatory limit. This is incorrect. Our records show we have propounded only 19 interrogatories, well within the limits of Fed. R. Civ. P. 33(a)(1).

### VII. Rule 26/37 — Initial Disclosures and Ongoing Discovery Must Proceed

We understand Defendants have a pending motion. Initial disclosures have been exchanged. In their footnote to the Joint Rule 26(f) Report, Defendants stated they are "not able to provide a complete list of percipient witnesses and key documents until Defendants have reviewed Plaintiffs' responses to the initial round of discovery requests." That acknowledgement underscores that discovery is necessary and should proceed forthwith. The Federal Rules require that disclosures be served based on information then reasonably available; compliance is not excused because investigation is ongoing or because opposing disclosures have not been served. Fed. R. Civ. P. 26(a)(1)(E).

If required Rule 26(a) disclosures are not made, Rule 37 authorizes relief, including preclusion absent substantial justification or harmlessness. Fed. R. Civ. P. 37(a)(3)(A), 37(c)(1). As stated above, pending motion does not stay discovery: there is no automatic stay, and any stay would require a strong showing of good cause. Consistent with the Court's Standing Civil Trial Order and the parties' Rule 26(f) plan, please proceed with discovery, including supplementing disclosures under Rule 26(e), serving and producing responsive documents, and cooperating in scheduling depositions. If particular confidentiality safeguards are needed, we are amenable to a narrowly tailored protective order.

### VIII. Conclusion

WDPR's discovery responses are evasive, incomplete, and legally unjustifiable. They serve only to delay this litigation and obstruct Plaintiffs' access to relevant information. We demand that you provide full and complete, non-evasive responses to all outstanding discovery requests, without objections, by **September 19, 2025**. If you are withholding any documents on the basis of privilege, we demand a complete privilege log by the same date.

If we do not receive compliant responses by September 19, 2025, we will file a motion to compel and will seek all available sanctions under Rule 37, including issue, evidentiary, and monetary sanctions. We prefer to resolve this informally and are available to meet and confer by phone or Teams this week. We trust that this letter will facilitate a resolution of these issues and that court intervention will not be necessary.

Very truly yours,

*/s/ Gavin P. Kassel*
Gavin P. Kassel, Esq.
McCune Law Group

# EXHIBIT 'B'

| | |
|---|---|
| **From:** | Gavin P. Kassel |
| **Sent:** | Friday, April 25, 2025 5:15 PM |
| **To:** | White, Jeremy; Singh, Shane; Brandi Rodriguez |
| **Cc:** | Mehta, Grace; Scanlon, Kerry Alan; Dominique Alferez; Alejandrina Ruiz; French, Anne; Smigielski, Mary; Soto Garcia, Marjorie; Michele M. Vercoski; Yasmin N. Younessi; SB Office |
| **Subject:** | Re: Trisha Malone v. Walt Disney Parks and Resorts U.S., Inc. et al. -- Request to meet and confer |

Hi Jeremy and Shane:

I am circling back again to schedule a conference of counsel to have a Rule 26(f) discussion. Again, please advise your availabilities next week to confer.



### Gavin P. Kassel
Attorney | Practice Area Leader

t: 909-557-1250 | f: 909-557-1275
gpk@mccunelawgroup.com | www.mccunelawgroup.com
18565 Jamboree Rd Ste 550, Irvine, CA, 92612

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachments is intended only for the use of the intended recipient and is non-public in nature and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure, dissemination or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system and promptly destroy any copies made of this electronic message.

---

**From:** Gavin P. Kassel <gpk@mccunelawgroup.com>
**Sent:** Tuesday, April 22, 2025 12:14 PM
**To:** White, Jeremy <Jmwhite@mwe.com>; Singh, Shane <Shane.Singh@lewisbrisbois.com>; Brandi Rodriguez <bnr@mccunelawgroup.com>
**Cc:** Mehta, Grace <Grace.Mehta@lewisbrisbois.com>; Scanlon, Kerry Alan <Kscanlon@mwe.com>; Dominique Alferez <da@mccunelawgroup.com>; Alejandrina Ruiz <ar@mccunelawgroup.com>; French, Anne <Anne.French@lewisbrisbois.com>; Smigielski, Mary <Mary.Smigielski@lewisbrisbois.com>; Soto Garcia, Marjorie <mcsotogarcia@mwe.com>; Michele M. Vercoski <mmv@mccunelawgroup.com>; Yasmin N. Younessi <ynv@mccunelawgroup.com>; SB Office <SBoffice@mccunelawgroup.com>
**Subject:** Re: Trisha Malone v. Walt Disney Parks and Resorts U.S., Inc. et al. -- Request to meet and confer

Hi Jeremy and Shane,

Following the court continuing the hearing date of Disney and Inspired Health Alliance's motions to dismiss to July 24th, we request to hold our Rule 26(f) conference next week.

Kindly, please provide us proposed available dates and times next week to have this conference.