Michele M. Vercoski [Bar No. 244010]
mmv@mccunelawgroup.com
Yasmin N. Younessi [Bar No. 331327]
ynv@mccunelawgroup.com
Gavin P. Kassel [Bar No. 284666]
sboffice@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
18565 Jamboree Road, Ste. 550
Irvine, CA 92612
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRISHA MALONE, JASON ARBALLO; and each of them<br>Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC.; DOES 1 through 50, INSPIRE HEALTH ALLIANCE, LLC, DOES 51-100 inclusive,<br><br>Defendants. | Case No.: 8:25−cv−00562−SRM−DFM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT INSPIRE HEALTH ALLIANCE, LLC'S MOTION TO STAY**<br>Date: October 8, 2025<br>Time: 1:30 PM<br>Place: 350 W. First Street<br>Courtroom 5D<br>Los Angeles, CA 90012<br><br>Judge: Serena R. Murillo<br>Action Filed: February 10, 2025<br>Action Removed: March 21, 2025 |

# TABLE OF CONTENTS

**I. INTRODUCTION** 1

**II. LEGAL STANDARD** 2

**III. ARGUMENT** 3

**A. Inspire's Motion to Dismiss Is Not Clearly Dispositive Because It Raises Fact-Intensive Questions** 3

**B. Discovery Is Necessary to Fairly Adjudicate Inspire's Motion to Dismiss** 7

**C. Inspire Unreasonably Delayed Filing its Motion to Stay, Further Prejudicing Plaintiffs** 8

**D. A Stay Would Unfairly Prejudice Plaintiffs While Inspire Would Suffer No Hardship from Proceeding with Discovery** 9

**IV. CONCLUSION** 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Arsenault v. T-Mobile US, Inc.*,
2019 WL 13227447 (C.D. Cal. Nov. 14, 2019)....................................................... 7

*Blankenship v. Hearst Corp.*,
519 F.2d 418 (9th Cir. 1975)................................................................................ 2

*Clinton v. Jones*,
520 U.S. 681 (1997) ............................................................................................ 2

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962)................................................................................ 2

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007).............................................................................. 2

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990) .......................................................................... 3

*Hall v. Tilton*,
2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ......................................................... 4

*Herbert v. Lando*,
441 U.S. 153 (1979) ............................................................................................ 4

*In re Nexus 6P Prods. Liab. Litig.*,
2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) .................................................... 2

*Landis v. North American Co*
299 U.S.................................................................................................................. 2

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988)................................................................................ 3

*Odom v. Microsoft Corp.*,
486 F.3d 541 (9th Cir. 2007)................................................................................ 5

*Quezambra v. United Domestic Workers of America*,
2019 WL 8108745 (C.D. Cal. Nov. 14, 2019)...................................................... 5

*SSI (U.S.), Inc. v. Ferry*,
2021 WL 4812952 (C.D. Cal. May 25, 2021) ...................................................... 4

*Wagh v. Metris Direct, Inc.*,
363 F.3d 821 (9th Cir. 2003)................................................................................ 5

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981)................................................................................ 4

Rules

Fed. R. Civ. P. 1 .......................................................................................................... 2

ii

TABLE OF AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Inspire Health Alliance, LLC ("Inspire") seeks an extraordinary remedy: a complete halt to all discovery in this case. Inspire asks this Court to accept its self-serving prediction that its pending Motion to Dismiss will dispose of all claims, and on that basis alone, deny Plaintiffs access to the evidence needed to prove their case. This is a transparent attempt to delay proceedings and gain a tactical advantage. A stay of discovery is not a routine procedural matter; it is a drastic measure that should be granted only in the clearest of cases. This is not such a case.

Inspire's motion is built on the faulty premise that Plaintiffs' claims can be adjudicated in a factual vacuum. The central questions in this litigation—whether Inspire acted as a "provider of health care" under the California Confidentiality of Medical Information Act ("CMIA"), the specific nature of the sensitive medical information it solicited and collected, and the reasonableness of Plaintiffs' expectation of privacy—are deeply intertwined with factual issues. These are not abstract legal questions to be decided solely on the pleadings. They require discovery.

Plaintiffs have served reasonable and targeted discovery requests designed to uncover the facts about Inspire's operations, its contractual relationship with Co-Defendant Walt Disney Parks and Resorts ("WDPR"), and the protocols it used to interrogate guests about their disabilities. To grant a stay would be to endorse Inspire's strategy of using its own motion as both a sword to attack the complaint and a shield to hide the evidence. Such a result would severely prejudice Plaintiffs by preventing them from developing the factual record necessary to oppose the Motion to Dismiss and vindicate their rights. For these reasons, Inspire's Motion to Stay Discovery should be denied.

## II. LEGAL STANDARD

To evaluate whether to stay an action, the Court must weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones,* 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

A stay of discovery is the exception, not the rule. The Federal Rules of Civil Procedure contemplate a liberal discovery process to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While Rule 26(c) permits a court to issue a protective order to stay discovery for "good cause," the party seeking such a stay bears a heavy burden of making a "strong showing" that a stay is warranted. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

As the Supreme Court explained, "If there is even a fair possibility that the stay ... will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis v North American Co.*, 299 U.S. 248, 255 (1936). The decision whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Further, the moving party must show that the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed," and that the motion "can be decided absent additional discovery." *See, e.g., In re Nexus 6P Prods. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug.

18, 2017). A stay is not appropriate where discovery is necessary to address the arguments raised in the dispositive motion. Furthermore, the fact that a motion to dismiss has been filed is, by itself, insufficient to demonstrate good cause for a stay. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

## III. ARGUMENT

### A. Inspire's Motion to Dismiss Is Not Clearly Dispositive Because It Raises Fact-Intensive Questions

Inspire's primary argument for a stay is that its Motion to Dismiss will resolve the entire case. This is pure speculation. The motion raises several issues that cannot be resolved without a factual record.

First, Inspire argues that it is not a "provider of health care" under the CMIA. But this is a fact-specific inquiry that turns on the nature of the services Inspire provided and its relationship with Disney. Plaintiffs have alleged that Inspire was hired to evaluate guests' medical conditions and disability accommodation needs. Discovery is needed to explore the details of this arrangement, including the content of the contract between Inspire and Disney, the training and qualifications of Inspire's employees, and the specific questions they asked guests. This information is directly relevant to whether Inspire was functioning as a healthcare provider and is exclusively within Inspire's possession.

Second, Inspire contends that Plaintiffs could not have had a reasonable expectation of privacy. This is another fact-dependent question. Whether an expectation of privacy is reasonable depends on the specific circumstances of the interaction. Discovery will allow Plaintiffs to develop a record on this issue by, for example, deposing Inspire's employees about the scripts they used and obtaining documents about the intake process.

Inspire's reliance on *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988), is misplaced because that case is fundamentally different from ours. The court in Little

approved a stay of discovery for one specific and narrow reason: the defendant was a government official whose motion to dismiss was based on governmental immunity.

Next, Inspire's citation to *Wood v. McEwen*, 644 F.2d 797 (9th Cir. 1981), is even more misguided than its other authorities. The stay in Wood was granted because the plaintiff's claims were patently without merit. In stark contrast, the claims in our case are substantial and turn on fact-intensive questions that can only be resolved through discovery. Plaintiffs are not re-litigating old claims or suing dozens of unrelated parties; we are pursuing legitimate privacy and discrimination claims that require factual development. Here, the prejudice to Plaintiffs is clear and immediate. This Court has issued a Standing Order with firm deadlines for class certification and expert discovery. A stay would directly impede Plaintiffs' ability to meet these deadlines and properly prosecute their case.

Inspire's citation to *Herbert v. Lando*, 441 U.S. 153 (1979), is not only unhelpful to its position, it actively undermines it. In Herbert, the Supreme Court rejected a claimed editorial privilege and compelled discovery to proceed. The case stands for the principle that discovery is essential, even when it touches on sensitive First Amendment issues. *Id*. at 176.

Likewise, Inspire's citation to *Hall v. Tilton,* 2010 WL 539679 (N.D. Cal. Feb. 9, 2010), is unavailing because the court in that case was faced with a fundamentally different situation. The stay was granted in Hall because the defendants' motion to dismiss was based on a single, purely legal issue that required no factual development: the statute of limitations.

Further, Inspire's reliance on *SSI (U.S.), Inc. v. Ferry*, 2021 WL 4812952 (C.D. Cal. May 25, 2021), is misplaced because, like the other cases it cites, the court's decision to grant a stay was based on a set of facts and legal arguments that are fundamentally different from ours. The motion to dismiss in *SSI* was based on

two key arguments that are not present here: (1) forum non conveniens, which argues that the case should be heard in another country (in that case, Russia), and (2) failure to join indispensable parties, which argued that the case could not proceed without certain individuals who were located in Russia. These are threshold procedural and jurisdictional issues that can often be decided without discovery into the merits of the case.

Inspire's reliance on *Quezambra v. United Domestic Workers of America*, 2019 WL 8108745 (C.D. Cal. Nov. 14, 2019), is unpersuasive because it ignores the critical distinction between a motion to dismiss that raises purely legal issues and one that is dependent on factual questions. While the court in Quezambra did grant a stay, it did so for a reason that is absent here: the court explicitly found that no discovery was needed to decide the motion. In fact, the *Quezambra* court itself quotes the Nineth Circuit's rule that "[D]iscovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion." Id. *2 (citing *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003); *Odom v. Microsoft Corp*., 486 F.3d 541, 551 (9th Cir. 2007).

That is precisely the situation here. Inspire has put factual issues in play by challenging its status and the nature of its interactions with Plaintiffs. Specifically, Inspire's Rule 12(b)(6) brief repeatedly injects extra-pleading facts: it asserts Plaintiffs' DAS evaluations occurred "in public or semi-public spaces," characterizing the intake as "administrative, situational, or functional" rather than medical, and contends that "no allegations that there is no allegation that it ws viewed or accessed by any unauthorized person," and framing Inspire's role as merely "assisting in the assessment of whether a guest met WDPR's standards for disability accommodations." (See Inspire Health Alliances Motion to Dismiss pp. 1:19; 21:3; 6:28 – 7:2).

Inspire Health's Rule 12(b) motion further put forth disputed, discovery-

bound facts (records, treatment, operational independence) at issue and underscored why targeted discovery (contracts, policies, logs) needs to be evaluated when their motion states.

Even if Inspire's nurse practitioners participated in the interviews, there are no allegations that Inspire maintained records, treated Plaintiffs, or operated independently of WDPR's DAS criteria. Inspire's alleged role was limited to assisting in the assessment of whether a guest met WDPR's standards for disability accommodations—not to rendering health care. *Id.* at 3:27 – 4:3. Inspire interestingly on one hand attempts to frame their role as purely administrative while simultaneously trying to dodge CMIA coverage by noting that " even if nurse practitioners participated." Plaintiffs' theory asserts as a material fact that Inspire Health's nurse practitioners participate in DAS, claiming communications and data are "derived from a provider of health care."

Inspire Health's motion to dismiss further claims Plaintiffs "voluntarily participated in the DAS registration process," "voluntarily spoke" where others might have overheard, and that "Inspire did not solicit or even accept the very medical information that Plaintiffs were willing to provide," all factual propositions about how the interviews occurred and what Inspire did or didn't do with information. (See Id. at 6:11-21.).

Inspire's class-waiver pitch rests on attorney say-so, not the operative contract: its brief "incorporates" WDPR's arguments about a waiver "contained in the Disability Access Service ('DAS') Terms and Conditions" and elsewhere refers to a waiver in "Disney's Guest Admission Contract," but Inspire neither cites the specific language nor attaches the agreement for the Court to review (and Plaintiffs' DAS agreement contains no reference to Inspire Health Alliance—no "Inspire," no "affiliate," no link to IHA at all).

That omission matters because Inspire asks to strike class claims based on

factual assertions—that "The DAS is a complimentary, non-commercial accommodation" and that "guests had a meaningful choice whether to request the accommodation or participate"—without supplying the terms that might show who's bound, by what assent flow, and whether a non-signatory like Inspire can enforce anything.

Compounding the problem, Inspire tries to re-characterize the intake itself by cataloging supposed "functional" prompts (e.g., "How do you manage lines at the grocery store? … What does a 'meltdown' look like for you?") to argue the communications weren't medical—again a factual gloss highlighting why the underlying agreement and record should be produced before any waiver is enforced or claims are stricken. (See *Id*. at 4:23 – 5:13).

As such because Inspire's motion raises these and other fact-intensive issues, it is not "potentially dispositive" in the way required to justify a stay.

**B. Discovery Is Necessary to Fairly Adjudicate Inspire's Motion to Dismiss**

Inspire incorrectly asserts that its motion can be decided on the pleadings alone. To the contrary, Plaintiffs are entitled to discovery to gather evidence to oppose the motion. As one court in this district has noted, "a stay of discovery is not appropriate where the discovery is necessary to provide a plaintiff with the facts to oppose a defendant's dispositive motion." *See, e.g., Arsenault v. T-Mobile US, Inc.*, 2019 WL 13227447, at *2 (C.D. Cal. Nov. 14, 2019).

The discovery Plaintiffs have propounded is not a fishing expedition; it is targeted at the very issues Inspire has raised in its motion. For example, Plaintiffs have requested:

- Documents relating to the contract between Inspire and Disney, which will shed light on Inspire's role and responsibilities.
- Communications between Inspire and Disney concerning guest complaints, which are relevant to the issue of notice and potential harm.

- Training materials and scripts used by Inspire's employees, which will provide evidence about the nature of the information solicited and the context in which it was provided.

This information is essential for Plaintiffs to be able to fully and fairly respond to Inspire's motion. Denying them this discovery would be tantamount to forcing them to fight the motion with one hand tied behind their backs.

**C. Inspire Unreasonably Delayed Filing its Motion to Stay, Further Prejudicing Plaintiffs**

Inspire's delay in bringing this motion demonstrates a lack of good cause and has created needless prejudice to Plaintiffs. The timeline of events reveals a calculated strategy to disrupt the Court's schedule. As far back as April 29, 2025, when Plaintiffs' counsel attempted to schedule a Rule 26(f) conference, Defendants refused to participate, threatening that if Plaintiffs intended to proceed with discovery, "we will have no choice but to file a motion to stay all discovery." Despite this threat, Inspire waited nearly four months to file the present motion.

Plaintiffs served discovery on Inspire on July 28, 2025. It was not until August 15, 2025, that defense counsel for co-defendant WDPR first raised the intent to file a motion to stay, with the parties meeting and conferring on August 18, 2025. Inspire then waited until August 27, 2025, a full month after discovery was served, to finally file its motion.

This delay is particularly prejudicial in light of the deadlines set forth in this Court's Standing Civil Trial Order, issued on July 14, 2025. The Order establishes a clear and demanding schedule that requires Plaintiffs to diligently pursue discovery to meet critical deadlines, including:

- **Class Certification Discovery Cut-Off:** January 23, 2026
- **Fact Discovery Cut-Off:** August 19, 2026
- **Initial Expert Disclosure:** August 26, 2026

- **Expert Discovery Cut-Off:** September 23, 2026
- **Last Date to Hear Dispositive Motions:** November 18, 2026

Inspire had every opportunity to file this motion months ago, which would have allowed for a ruling without jeopardizing these deadlines. Instead, it waited until after Plaintiffs served discovery and the Court's scheduling order was in place. This manufactured delay now threatens to compress Plaintiffs' time to conduct necessary discovery, prepare for class certification, and retain experts. This tactical gamesmanship weighs heavily against granting the extraordinary remedy of a stay.

Further, class-certification work depends on early tasks—identifying custodians, mapping ESI systems, obtaining representative data on denials, queue times, alternatives offered, and numerosity/commonality proof. A stay chokes those front-end steps and risks a later crush that hurts Plaintiffs and the putative class.

Also, chat tools, ticketing systems, and third-party platforms may auto-delete or be overwritten on rolling retention schedules; audio/video or intake logs may be archived or lost; witnesses' recall will fade. Extending deadlines later cannot restore deleted data or memory. Inspire and other non-party custodians present heightened preservation risk due to personnel or system changes. A stay freezes us from issuing or enforcing targeted preservation/collection steps.

**D. A Stay Would Unfairly Prejudice Plaintiffs While Inspire Would Suffer No Hardship from Proceeding with Discovery**

The balance of hardships weighs heavily against a stay. Plaintiffs will be significantly prejudiced if they are not allowed to proceed with discovery. The delay will prolong the resolution of their claims and could result in the loss of evidence as memories fade and documents are lost or destroyed.

Inspire, on the other hand, will suffer no cognizable prejudice from allowing discovery to proceed. Its claims of "undue burden and expense" are conclusory and unsubstantiated. Responding to targeted discovery is a normal part of litigation, not

an undue burden. Inspire's offer to stipulate to an extension of deadlines in the future does nothing to alleviate the immediate prejudice to Plaintiffs of being unable to gather the evidence they need *now* to oppose the pending motion and meet the Court's deadlines.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Inspire Health Alliance, LLC's Motion to Stay Discovery.

DATED: September 17, 2025

Respectfully submitted,

**MCCUNE LAW GROUP, APC**

By*: /s/ Michele M. Vercoski*

Michele M. Vercoski
Yasmin N. Younessi
Gavin P. Kassel
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September 2025, I electronically filed the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT INSPIRE HEALTH ALLIANCE, LLC'S MOTION TO STAY** with the Clerk of the Court using CM/ECF system.

I also certify the document and a copy of the Notice of Electronic Filing was served on the following CM/ECF participants:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MARY A. SMIGIELSKI
E-Mail: Mary.Smigielski@lewisbrisbois.com
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: 312.345.1718
Facsimile: 312.345.1778

SHANE SINGH
E-Mail: Shane.Singh@lewisbrisbois.com
GRACE E. MEHTA
E-Mail: Grace.Mehta@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant,
INSPIRE HEALTH ALLIANCE, LLC

Marjorie C. Soto Garcia
mcsotogarcia@mwe.com
**McDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +310 277 4110

Facsimile: +310 277 4730

Kerry Alan Scanlon
kscanlon@mwe.com
Jeremy M. White
jmwhite@mwe.com
**McDERMOTT WILL & EMERY LLP**
500 North Capitol Street, NW
Washington, D.C. 20001-1531
Telephone: +202 756 8000
Facsimile: +208 756 8087

Attorneys for Defendant
WALT DISNEY PARKS AND
RESORTS U.S., INC

*/s/ Dominique Alferez*
Dominique Alferez