**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MARY A. SMIGIELSKI, SB# 167829
  E-Mail: Mary.Smigielski@lewisbrisbois.com
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: 312.345.1718
Facsimile: 312.345.1778

SHANE SINGH, SB# 202733
  E-Mail: Shane.Singh@lewisbrisbois.com
GRACE E. MEHTA, SB# 327676
  E-Mail: Grace.Mehta@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for Defendant,
INSPIRE HEALTH ALLIANCE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA MALONE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., DOES 1 through 50, INSPIRE HEALTH ALLIANCE, LLC, DOES 51-100, inclusive,<br><br>　　　　Defendants. | Case No. 8:25-cv-00562-SSRM-DFM<br><br>**DEFENDANT INSPIRE HEALTH ALLIANCE, LLC'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**<br><br>Date:　　October 8, 2025<br>Time:　　1:30 p.m.<br>Crtrm.:　5D<br><br>Judge:　Serena R. Murillo |

163750706.1

1

## I. INTRODUCTION

A short stay pending resolution of Defendant Inspire's Motion to Dismiss and Strike fits both the law and the record. The Supreme Court has long recognized that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket," and that a court must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court also confirms a district court's "broad discretion to stay proceedings." *Clinton v. Jones,* 520 U.S. 681, 706 (1997).

The Ninth Circuit sets out three factors: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). All three favor a stay here.

Plaintiffs' Opposition to Defendant Inspire's Motion to Stay Discovery ("Pltf. Opp.") confirms they want discovery to fill pleading gaps—precisely what the Rules forbid. Plaintiffs argue that they must be permitted to engage in discovery to determine, for example, the nature of the information solicited during the video chats, the "issue of notice and potential harm," and whether Defendant Inspire is a "health care provider." Pltf. Opp., Dkt. 51 at 3, 7–8. That is squarely foreclosed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

This Court's own Standing Order anticipates appropriate stays: "Unless there is a likelihood that, upon motion by a party, the court would order that discovery be stayed, the parties should begin to propound discovery …." Standing Order (Mar. 26, 2025) § E.3. Here, there is such a likelihood. A brief pause will allow the Court to decide threshold, law-driven issues first—just as courts in this Circuit routinely do. See, *e.g.*, *Quezambra v. United Domestic Workers of Am.,* 2019 WL 8108745,

at *2 (C.D. Cal. Nov. 14, 2019) (staying discovery where the motion could be resolved without discovery); *In re Nexus 6P Prods. Liab. Litig.,* Order, ECF No. 84 (N.D. Cal. Aug. 18, 2017) (short stay through the hearing, later lifted by ECF No. 144); *Yamasaki v. Zicam LLC*, Order, ECF No. 51 (N.D. Cal. Oct. 5, 2021) (stay where motion "can be decided without additional discovery"). This courtroom has done the same. See Order, *Guzman v. Western Union,* No. 5:24-cv-00404-SRM (C.D. Cal. Aug. 12, 2025) (staying "any and all discovery" pending Rule 12 decision).

In this case, Defendant Inspire seeks only a brief stay of discovery until the Court rules on its Motion to Dismiss and Strike. The Motion is potentially dispositive, rests solely on the allegations in the First Amended Complaint ("FAC") and requires no discovery for resolution. A stay will conserve resources and allow the Court to decide threshold issues before the parties incur unnecessary burdens.

Plaintiffs' Opposition does not justify denial. The governing standard authorizes a stay, their arguments confirm discovery is being used to cure legal pleading defects, and the *Landis/CMAX* factors all weigh in favor of pausing discovery.

## II. **LEGAL ARGUMENT**

### A. The Governing Standard Supports a Short Stay.

Courts may stay discovery where a pending motion is potentially dispositive and can be resolved without discovery. Little v. City of Seattle, 863 F.2d 681 (9th Cir. 1988). That is the situation here. Plaintiffs misapply the framework by treating their own factual speculation and bare legal conclusions as a substitute for pleaded allegations. They argue the Motion to Dismiss raises factual questions such as whether Defendant Inspire is a "provider of health care" and whether Plaintiffs had a reasonable expectation of privacy; however, these are some of the exact pleading deficiencies that gave rise to the Motion to Dismiss. Plaintiffs' inability to properly plead the allegations in their FAC does not warrant excessive and overly broad and

burdensome discovery in the hopes that something may support an allegation in the complaint to cure the clear facial legal deficiencies. The test is whether the motion can be resolved on the pleadings. A deficient complaint cannot be propped up by fishing for facts in discovery.

The Ninth Circuit has long recognized that Rule 12(b)(6) exists to test legal sufficiency before discovery. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R.C.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); see also *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay where the Rule 12 issues could be resolved without discovery).

The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), made clear that conclusory allegations do not permit plaintiffs to open discovery to search for a claim. Plaintiffs cannot use discovery to cure gaps in their First Amended Complaint. Where a dispositive motion turns solely on the sufficiency of the pleadings—as here—a short stay is appropriate. That sets the framework; Plaintiffs' Opposition does not alter the analysis.

**B.  The Motion to Dismiss is Based on the Legal Sufficiency of the FAC— Not Factual Issues.**

Plaintiffs contend this case is too "fact intensive" to pause discovery. They argue that discovery is necessary to cure deficiencies in their pleadings (*e.g.*, interview scripts, training materials, and internal analyses). Declaration of Michael in support of Plaintiffs' Opposition to WDPR's Motion to Stay Discovery ("Vercoski Decl.") ¶ 6, ECF No. 50-1; Pltf Opp. 5:17–26. As the Supreme Court has already made clear, discovery cannot be used to cure pleading gaps. See *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 558–59.

Against this backdrop, California courts have consistently treated the core CMIA elements as threshold questions decided on the face of the complaint. For

example, CMIA defines "medical information" as individually identifiable information "regarding a patient's medical history, mental or physical condition, or treatment." *Eisenhower Med. Ctr. v. Superior Court*, 226 Cal. App. 4th 430, 434–36 (2014) (holding that disclosure of identifiers "not coupled with" health information is not "medical information").

Likewise, courts have rejected CMIA damages theories premised solely on theft or access without an unauthorized viewing, confirming that this too is a pleading-stage screen. *Sutter Health v. Superior Court,* 227 Cal. App. 4th 1546 (2014). The same is true of other statutory elements as set forth in detail in Defendant Inspire's moving papers.

These authorities underscore the point: the issues that dispose of or sharply narrow Plaintiffs' claims are legal, not factual. Plaintiffs must plead them adequately in their First Amended Complaint, and discovery cannot be used to supply what is missing.

### C.     Plaintiffs' Delay and Prejudice Arguments Lack Merit.

Unable to contest the legal nature of these questions, Plaintiffs instead argue delay and prejudice. Those arguments fail. Defendant Inspire acted within a reasonable time, consistent with this Court's rules and the parties' meet-and-confer obligations and indicated in the Parties Joint Rule 26(f) Report that this Motion would be forth coming in the event Plaintiffs attempted to serve discovery.

The timeline Plaintiffs highlight confirms diligence, not delay. Plaintiffs served discovery on July 28, 2025. The Parties met and conferred on August 18, 2025, and Defendant Inspire filed its motion less than ten days later, on August 27, 2025. This short interval reflects compliance with meet-and-confer obligations and coordination among multiple parties—not tactical gamesmanship.

Additionally, there is no cognizable prejudice to Plaintiffs. The Court's schedule sets class certification discovery closing January 23, 2026, and fact discovery closing August 19, 2026, with expert deadlines in late August and

September 2026 and dispositive motions in November 2026. A short, targeted pause while the Court resolves threshold pleading issues will not jeopardize those dates. If needed, both Defendants have already agreed that they would have no objection to adjusting these deadlines. That is ordinary case management, not prejudice.

Plaintiffs cite chat tools, ticketing systems, third-party platforms, and fading recollections. Those concerns are unfounded. Preservation duties apply regardless of a stay. In fact, internal obligations require strict document and evidence retention, which Defendant Inspire complies. Moreover, a brief stay through the decision on the Motion to Dismiss will not meaningfully affect recollection, certainly not compared to the risk and cost of plunging into class-wide discovery that may prove wholly unnecessary.

Forcing discovery, including class and merits discovery, imposes a concrete burden on Defendant Inspire while a dispositive motion is pending. Plaintiffs' asserted harms are speculative, unsupported by any facts, and can be mitigated by scheduling changes if necessary. The balance of equities favors a brief stay so that the Court can resolve legal sufficiency first.

### III. CONCLUSION

Defendant Inspire's Motion to Dismiss presents legal, potentially dispositive questions that can be resolved without discovery. The balance of harms and judicial economy strongly favor a short stay. Defendant Inspire respectfully requests that the Court stay discovery pending resolution of its Motion to Dismiss.

DATED: September 24, 2025         LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____*/s/ Shane Singh*_____
SHANE SINGH
Attorneys for Defendant, INSPIRE HEALTH ALLIANCE, LLC