Marjorie C. Soto Garcia (SBN 313290)
mcsotogarcia@mwe.com
**McDERMOTT WILL & SCHULTE LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: +310 277 4110

Kerry Alan Scanlon (admitted *pro hac vice*)
kscanlon@mwe.com
Jeremy M. White (admitted *pro hac vice*)
jmwhite@mwe.com
**McDERMOTT WILL & SCHULTE LLP**
500 North Capitol Street, NW
Washington, D.C. 20001-1531
Telephone: +202 756 8000

Attorneys for Defendant
WALT DISNEY PARKS AND
RESORTS U.S., INC.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TRISHA MALONE, JASON ARBALLO, STACY HORNE, and MONICA GONZALEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

WALT DISNEY PARKS AND RESORTS U.S., INC., DOES 1 through 50, INSPIRE HEALTH ALLIANCE, LLC, DOES 51-100 inclusive,

Defendants.

CASE NO. 8:25-cv-00562-SRM-DFM

**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Judge: Hon. Serena Murillo
Date: October 8, 2025
Time: 1:30 p.m.
Ctrm: 5D
Action Filed: February 10, 2025
Action Amended: April 7, 2025

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

## PRELIMINARY STATEMENT

Plaintiffs' opposition to the motion to stay discovery is a red herring if there ever was one. They argue the requested stay would cause them severe prejudice "by denying them the ability to build the factual record needed to defeat" Walt Disney Parks and Resorts U.S., Inc.'s ("WDPR") motion to dismiss. Opp. at 1. But that is not how Rule 12(b)(6) works. WDPR's and Inspire Health Alliance, LLC's ("Inspire") motions to dismiss the amended complaint are fully briefed and awaiting decision by this Court. The only facts needed to decide those motions are those alleged in the amended complaint, and Plaintiffs are mistaken in claiming that WDPR's motion to dismiss "raises several issues that cannot be resolved without a factual record." The motion to dismiss is necessarily based on a *legal argument* that assuming all the facts alleged in the amended complaint are true, Plaintiffs have failed to state a claim. Plaintiffs point to the background discussion regarding DAS in the Preliminary Statement of WDPR's motion to dismiss, but those are not the facts applicable to a motion to dismiss—only the facts alleged by the Plaintiffs in their amended complaint are what matter at this point, which the motion makes clear.

Plaintiffs do not contest that the motion to dismiss, if granted, will completely dispose of the case. This is not a motion for partial dismissal where discovery would still be required even if the motion is granted. That is all Defendants have to show to establish that "the pending motion [is] potentially dispositive of the entire case," which is the first prong of the test on a motion to stay discovery. *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). The second prong—that the potentially dispositive motion "can be decided absent additional discovery"—is also satisfied because Plaintiffs fundamentally misunderstand the posture of this case and are wrong in asserting that "WDPR's motion to dismiss turns on several fact-intensive disputes." Opp. at 8.

Unlike some disability access cases where the applicable law is clear and the main issue is one of fact, in this case most of the claims in the amended complaint are

rooted in statutory provisions that do not apply as a matter of law to a theme park disability service like DAS, and the one Unruh Act/Americans with Disabilities Act ("ADA") claim that does apply is unsupported by the "factual content" *Iqbal* and *Twombly* require. That is why WDPR's motion to dismiss is likely to succeed and why the parties should not be required to commence discovery until a decision is issued. Even if the motion is not fully granted, a short delay will not prejudice the Plaintiffs because (i) discovery does not end for another year, (ii) both WDPR and Inspire have an obligation to preserve records, and (iii) Defendants have agreed to consent to an extension of the deadlines equal to the length of the stay. Because a stay of discovery perfectly fits the current status of this case, WDPR's motion should be granted.

## I. THE PENDING MOTION TO DISMISS, IF GRANTED, WOULD DISPOSE OF THE ENTIRE CASE

WDPR moved to dismiss Plaintiffs' amended complaint in its entirety and with prejudice because it fails to plead facts from which the Court can plausibly infer any cause of action against WDPR. There is no reasonable basis for arguing that the first prong of the two-prong stay standard is lacking when WDPR's "pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Quezambra*, 2019 WL 8108745, at *2. Because the pending motion is potentially dispositive, Plaintiffs instead re-argue the merits of the motion, which is not the test.

For example, Plaintiffs contend that "WDPR argues [Plaintiffs'] Unruh Act claims fail because Plaintiffs received a reasonable accommodation," which they assert is a fact-intensive inquiry that cannot be resolved on a motion to dismiss. Opp. at 3. But WDPR moved to dismiss the Unruh Act claim because the only basis for that claim is the reasonable modification provision in Title III of the ADA, and Plaintiffs have not plausibly alleged that modifying the existing DAS program is both "reasonable" and "necessary" for them, which is their burden. *See* Doc. 29, Mot. at 4-10. Contrary to Plaintiffs' arguments, courts do not hesitate to dismiss these types of claims on precisely

these grounds. *See*, *e.g.*, *Coleman v. Phoenix Art Museum*, 2009 WL 1097540, at *2-3 (D. Ariz. Apr. 22, 2009), *aff'd*, 372 F. App'x 793 (9th Cir. 2010); *Hernandez v. Roche*, 2021 WL 4205610, at *5-6 (W.D. Tex. Sept. 16, 2021) (dismissing failure-to-modify claim where plaintiff "allege[d] no facts as to why that particular modification was reasonable and necessary"); *Ibraham v. Pena*, 2017 WL 3601246, at *3 (S.D.N.Y. Aug. 21, 2017) (dismissing reasonable modification claim because plaintiff failed to allege she requested a "necessary" or "reasonable" modification, rendering the claim "far too general and conclusory to state a plausible claim of disability discrimination").

Courts have also dismissed numerous claims without discovery under California's Consumer Legal Remedies Act ("CLRA") and Confidentiality of Medical Information Act ("CMIA"), when the Court found the facts alleged in the complaint to be insufficient. *See*, *e.g.*, *Bauer v. Atlantis Events, Inc.*, 2014 WL 12603112, at *2-*3 (C.D. Cal. Mar. 5 2014) (dismissing plaintiff's CLRA claim without leave to amend because the complaint failed to allege facts demonstrating that a contract governing a nonessential recreational activity was unconscionable); *Price v. Apple, Inc.*, 2022 WL 1032472, at *3-4 (N.D. Cal. Apr. 6, 2022) (granting motion to dismiss CLRA claims because the complaint lacked allegations establishing that a sales contract was unconscionable); *Oddei v. ScanSTAT Technologies, LLC*, 2022 WL 17538747, at *1 (9th Cir. Dec. 8, 2022) (affirming dismissal of CMIA claim because complaint contained no allegations that defendant was a "medical group, independent practice association, pharmaceutical benefits manager, or medical service organization"); *Oddei v. Optum, Inc.*, 2021 WL 6333467, at *2 (C.D. Cal. Dec. 3, 2021) (dismissing CMIA complaint where plaintiff failed to plausibly allege the defendant "is a 'health care provider' subject to the CMIA"). WDPR has filed a mainstream dispositive motion and because it could potentially end the entire case, there is no need to start extensive discovery which could soon prove to be unnecessary.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

## II. <u>THERE IS NO SPECIFIC DISCOVERY THAT IS NEEDED TO DECIDE THE PENDING MOTION TO DISMISS</u>

Plaintiffs also fail to identify any specific discovery which the Court needs to decide WDPR's pending motion to dismiss for failure to state a claim, thereby satisfying the second prong of the two-part test. While Plaintiffs claim they need discovery on "what was asked and recorded in DAS intake, how any class-waiver assent was obtained and by whom, and the scope of Inspire's role" (Opp. at 9), they never explain how this discovery avoids dismissal as a matter of law. For example, even if they obtained documentation regarding Plaintiffs' individualized DAS conversations (which they attended in person), this discovery would in no way avoid a determination that Plaintiffs are not WDPR's patients, that WDPR is not a healthcare provider, and that no medical information was disclosed to an unauthorized third party. *See* Doc. 29, Mot. at 14-17. Similarly, Plaintiffs are already in possession of the facts related to their assent to the class waiver, which have nothing to do with the fact that Plaintiffs have failed to meet all three requirements under *Discover Bank* to invalidate a class action waiver. *Id*. at 24-25. And Plaintiffs have already cited to the website language they believe subjects WDPR to the CLRA, which the Court can decide does not apply as a matter of law. *Id*. at 10-14. Simply put, ruling on WDPR's motion to dismiss does not require any discovery, and Plaintiffs' opposition merely identifies discovery they have sought in this case without showing how it relates to the purely legal arguments raised in the pending motion.

Moreover, numerous California courts have recognized that no factual issues are raised, and no discovery is necessary, where a motion to dismiss challenges the legal sufficiency of a complaint's allegations. *See*, *e.g.*, *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (recognizing that a 12(b)(6) motion to dismiss asks the court to take "all the facts alleged in the complaint as true and decide [if] the facts as alleged d[o] not add up"); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

sufficiency of complaints without subjecting themselves to discovery."); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (finding that the second prong was satisfied because "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss").

Despite this clear guidance, Plaintiffs cite to portions of WDPR's preliminary statement to argue that the motion cannot be decided without discovery. Opp. at 4-6. However, while the preliminary statement provides helpful background information on WDPR's DAS program, none of that information needs to be considered to decide the pending motion to dismiss. For example, Plaintiffs make much of WDPR's explanation of the abuse of DAS which led to the updates in June 2024, but Plaintiffs cannot explain why that matters at this point in the case when the Court will consider only the facts alleged in the amended complaint when deciding the pending motion.

Plaintiffs likewise argue that discovery is necessary on their CLRA claim due to purported "contradictory statements" WDPR has made about DAS, pointing beyond their amended complaint to a 2018 Eleventh Circuit decision where that court characterized WDPR's position in a different case at a different time as being that "its DAS Card is a full and complete accommodation for cognitively disabled guests, no matter how severe or mild their conditions." Opp. at 6 (quoting *A.L. by & through D.L. v. Walt Disney Parks & Resorts US, Inc.,* 900 F.3d 1270, 1291 (11th Cir. 2018)). Plaintiffs would have this Court believe that WDPR previously granted DAS to anyone with a mild cognitive disability having nothing to do with autism, but in fact WDPR was responding in that case to guests who all claimed to have severe autism, and was pointing out that DAS effectively accommodates persons at different points on the autism spectrum.[1] Plaintiffs have used this and other ploys in a desperate attempt to

[1] In the sentence immediately following the one Plaintiffs quoted, the Eleventh Circuit stated, "If Disney's DAS program accommodates the needs of the most severely impaired child on the autism spectrum, then Disney claims that its DAS program necessarily accommodates the needs of the less impaired autistic child." *A.L.*, 900 F.3d at 1291.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

draw the Court's attention away from the legal arguments that support dismissal of the amended complaint.

Furthermore, WDPR cites numerous cases where a stay was granted in light of a pending motion to dismiss, and Plaintiffs fail to cite a single case where a stay was denied under circumstances similar to those in this case. Because Plaintiffs are unable to distinguish WDPR's cases, they attempt to mislead this Court by omitting key aspects of the motions to dismiss that led to those rulings:

- *SSI (U.S.), Inc. v. Ferry*, 2021 WL 4812952 (C.D. Cal. May 25, 2021). Plaintiffs argue that the Court should ignore this case because the underlying motion to dismiss "was based on two key [procedural] arguments . . . forum non conveniens . . . and failure to join indispensable parties." Opp. at 8. Not true. The defendants in *SSI* also moved to dismiss for failure to state a claim, which the court recognized could "be decided absent additional discovery." 2021 WL 4812952, at *3.

- *Hamilton v. Rhoads*, 2011 WL 5085504 (N.D. Cal. Oct. 25, 2011). Plaintiffs claim a stay was appropriate in *Hamilton* because the underlying motion to dismiss was based on the "failure to exhaust administrative remedies." Opp. at 9. Once again, Plaintiffs neglect to tell the Court that the *Hamilton* defendants also moved to dismiss for failure to state a claim, and the court noted "discovery is unnecessary for resolution of th[at] motion." 2011 WL 5085504, at *1.

- *Quezambra*, 2019 WL 8108745, at *2. Plaintiffs try to distinguish *Quezambra* by contending that the plaintiff there "raise[d] purely legal issues." Opp. at 4. In doing so, they ignore that in addition to moving to dismiss based on standing, the defendants in *Quezambra* sought dismissal based on arguments related to "the adequacy of Quezambra's pleading, and Quezambra's ability to state a claim based on her allegations." 2019 WL 8108745, at *2. That motion, like WDPR's, was "potentially dispositive of the entire case" and could be resolved "without requiring further discovery." *Id.*

- *Crandall v. Teamsters Loc. No. 150*, 2025 WL 1652063 (E.D. Cal. June 11, 2025). Plaintiffs claim that the motion in *Crandall* is distinguishable because it "presented a pure question of law that could be decided without any factual development." Opp. at 8. But that motion involved the same type of question of law presented here: Whether the complaint sufficiently pled facts to satisfy the statutory elements of plaintiff's claim (in that case, it was the Labor Management Reporting and Disclosure Act of 1959). *See Crandall v. Teamsters Loc. No. 150*, 2025 WL 1743950, at *2 (E.D. Cal. June 24, 2025). Just like the *Crandall* motion presented a pure question of law, so too does WDPR's motion here.

Consistent with the principles set forth in *SSI*, *Hamilton*, *Quezambra* and *Crandall*, it is clear that WDPR's motion to dismiss, which is focused solely on the parties' pleadings, "does not require additional discovery for its resolution." *See Crandall*, 2025 WL 1652063, at *1 (granting stay of discovery because "both prongs are met" and a stay would promote "the just, speedy, and inexpensive determination of every action") (quoting Fed. R. Civ. P. 1). Plaintiffs themselves know this, which is why they did not ask the Court to delay ruling on the motion to dismiss so they could conduct discovery.

## III. PLAINTIFFS WILL SUFFER NO PREJUDICE FROM A STAY

In a pattern of speculation and boilerplate assertions, Plaintiffs first argue that a stay will impede their ability to meet the class certification deadlines set by the Court's Civil Trial Order. But Plaintiffs concede they agreed to those deadlines *after* being informed on two separate occasions that WDPR intended to file a motion to stay pending resolution of its motion to dismiss. Opp. at 14.[2] Although Plaintiffs did not raise any concerns at that time, WDPR agreed to submit a joint request that the Court extend the deadlines by the length of any stay, which Plaintiffs refused to do. Therefore,

[2] Plaintiffs mischaracterize the parties' back-and-forth communication leading up to their mutual agreement on the current deadlines, which is attached hereto as Exhibit 1.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

the current schedule is one of Plaintiffs' own making and does not weigh against granting a limited stay while the Court evaluates and decides the pending motions to dismiss.

After seeing that their primary "prejudice" argument was rendered moot by WDPR's willingness to agree to extend the deadlines, Plaintiffs next claimed they will be harmed because "witnesses' memories will fade." Opp. at 10. Plaintiffs' initial disclosures do not name a single WDPR witness whose memory could fade, and Plaintiffs themselves recently agreed to a fact discovery deadline at the end of *next* summer. Courts have routinely held that generalized, speculative objections like those raised by Plaintiffs here do not weigh against issuing a stay of discovery. *See*, *e.g.*, *Miles v. Tug*, 2022 WL 16739566, at *3 (E.D. Cal. Nov. 7, 2022) ("the issuance of the stay will not substantially injure plaintiff, and plaintiff's arguments to the contrary – delay and fading memory of key witnesses – are not availing"); *Zamudio v. Aerotek, Inc.*, 2024 WL 863715, at *2 (E.D. Cal. Feb. 28, 2024) (granting stay of discovery when plaintiff did "not identify any particularized concerns about why [witness] testimony . . . [was] susceptible to prejudicial deterioration"); *Echevarria v. Aerotek, Inc.*, 2019 WL 3207812, at *3 (N.D. Cal. July 16, 2019) (granting stay because plaintiff did not identify any particular witnesses or documents that may be adversely impacted).

Similarly, there is no basis for Plaintiffs' claim that a stay creates a "risk of evidence loss" of electronically stored information ("ESI"), particularly "third-party" ESI discovery from Inspire. Opp. at 13-14. WDPR, as a party to this litigation, has long had a document hold in place and has taken steps to preserve information or documents that might be relevant to the subject matter of this case. And, contrary to Plaintiffs' contention, Inspire is a party to this litigation, not a third party, and is likewise obligated to preserve relevant information. Plaintiffs do not claim there is any reason to believe that records and documents are not being retained because there is no reason to make such a claim. Nor do Plaintiffs articulate any reason why any unidentified third party will be unable to preserve relevant evidence. This "type of speculative concern

about losing evidence is insufficient to support denying the stay." *Krikorian v. Post Consumer Brands, LLC*, 2025 WL 2092825, at *5 (C.D. Cal. June 25, 2025) (concluding that plaintiff's arguments were "entirely unsupported and unpersuasive" because plaintiff "fail[ed] to identify any specific evidence that would be at risk if this action were stayed, relying instead on vague assertions that 'memories fade, documents are misplaced, and witnesses become harder to locate'"); *see also Cascades Comput. Innovation LLC v. RPX Corp.*, 2014 WL 900376, at *3 (N.D. Cal. Mar. 4, 2014) ("A concern for loss of evidence exists anytime a court issues a stay and does not supply sufficient grounds to refrain from issuing an otherwise appropriate stay.").

As addressed in WDPR's motion to stay, courts routinely recognize that burdensome and expensive discovery—such as the 121 discovery requests served by Plaintiffs in this case—should be avoided when a pending ruling on a dispositive motion may render that discovery unnecessary in whole or in part. Mot. at 8-9. Because the balance of interests also weighs in favor of staying discovery, the motion should be granted.

## CONCLUSION

For all the reasons set forth herein and in WDPR's opening brief, WDPR respectfully requests that the Court grant its motion to stay discovery in this case pending a ruling on WDPR's motion to dismiss.

Dated: September 24, 2025         **McDERMOTT WILL & SCHULTE LLP**

                                  */s/ Kerry Alan Scanlon*
                                  Kerry Alan Scanlon
                                  *Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.*