UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA MALONE et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WALT DISNEY PARKS AND RESORTS U.S. INC. et al.,<br><br>　　　　　　Defendants. | Case No. 8:25-cv-00562-SRM-DFM<br><br>**ORDER GRANTING IN PART DEFENDANTS INSPIRE HEALTH ALLIANCE, LLC'S AND WALT DISNEY PARKS AND RESORTS U.S. INC.'S MOTIONS TO STAY DISCOVERY [48] [49]** |

　　　　Presently before the Court are separate Motions to Stay Discovery filed by Defendants Walt Disney Parks and Resorts U.S., Inc. ("Defendant WDPR") and Inspire Health Alliance, LLC ("Inspire") (collectively, "Defendants") filed on August 27, 2025. Dkts. 48-49. Plaintiffs have opposed, Dkts. 50-51, and Defendants have replied, Dkts. 52-53.

　　　　On March 21, 2025, Defendant removed an action filed by Defendant Trisha Malone from the Orange County Superior Court. *See generally* Dkt. 1. On April 7, 2025, a first amended complaint was filed, adding Plaintiffs Jason Arballo, Stacy Horne, and Monica Gonzales. Dkt. 24. Pending before the Court are Motions to Dismiss the First

-1-

Amended Complaint and Strike Class Allegations filed by Defendants, Dkts. 28-29, and a Motion to Remand the case to Orange County Superior Court filed by Plaintiffs, Dkt. 32.

For background, this action challenges alleged discriminatory practices by Defendant WDPR regarding its Disability Access Service ("DAS") program. Per Plaintiffs, the core of their case is that WDPR unlawfully narrowed the eligibility for DAS, denying necessary accommodations to guests with a wide range of disabilities who are functionally unable to wait in conventional queues, in violation of the Americans with Disabilities Act (ADA) and related California laws. Dkt. 41 at 3. Defendant Inspire is alleged to be a healthcare provider contracted by WDPR to conduct medical screenings and assess the eligibility of guests seeking DAS accommodations. Dkt. 24 at 6.

A district court has wide discretion to control discovery, which includes issuing a stay pending the outcome of a potentially dispositive matter. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Specifically, as to motions to dismiss, district courts may stay discovery when "convinced that the plaintiff will be unable to state a claim for relief." *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th. Cir. 2002) (citation modified). The movant carries the burden to demonstrate good cause for the order by showing the harm or prejudice that would result from the discovery. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). In general, the routine issuance of a stay is disfavored as "directly at odds with the need for expeditious resolution of litigation." *See Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, No. 19-cv-00927, 2019 WL 8108745, at *1 (C.D. Cal. Nov. 14, 2019) (citation modified). However, a stay of discovery has been upheld where it "furthers the goal of efficiency for the court and litigants." *See Little*, 863 F.2d at 685.

While the Ninth Circuit has not provided a clear standard for district courts to apply, courts in this District have used a two-part test when considering whether to stay discovery pending disposition of a motion to dismiss. *See e.g., Quezambra*, 2019 WL 8108745, at *2. Under the applicable test, a stay may be appropriate if: "(1) the pending motion [is] potentially dispositive of the entire case, or at least dispositive on the issue at

which discovery is aimed, and (2) the pending, potentially dispositive motion can be decided absent additional discovery." *See id*. (citation modified). In the alternative, a court may "take a preliminary peek at the merits" of the motion to determine whether it may be granted. See Bride v. Snap Inc., No. 21-cv- 06680, 2022 WL 17184600, at *2 (C.D. Cal. Oct. 21, 2022). In addition, the Court may consider any other factors particular to the case. *See Salas v. Whirlpool Corp*., No. 23-cv-01549, 2024 WL 6050054, at *1 (C.D. Cal. Apr. 1, 2024) (granting stay pending resolution of motions to dismiss upon conclusion that both tests were met and considering other factors, including the lack of harm to plaintiff and that discovery deadlines can be adjusted).

      Plaintiffs assert the following issues are central to their claims against WDPR: the reasonableness of WDPR's disability accommodations, the truthfulness of its public statements under the CLRA, its role in handling confidential medical data under the CMIA, and the enforceability of its class action waiver. Dkt. 50 at 5. With regard to Inspire, Plaintiffs assert the following issues are central: whether Inspire acted as a 'provider of health care' under the California Confidentiality of Medical Information Act ("CMIA"), the specific nature of the sensitive medical information it solicited and collected, and the reasonableness of Plaintiffs' expectation of privacy. Dkt. 51 at 5. Plaintiffs assert these issues are all intertwined with factual issues and that a stay "would severely prejudice Plaintiffs by preventing them from developing the factual record necessary to oppose the Motion to Dismiss and vindicate their rights." *Id*.

      Here, the Court finds a discovery stay in this case is appropriate for several reasons. First, Plaintiffs have filed a Motion to Remand which, if granted, would strip this Court of jurisdiction, thereby subjecting the Parties to the different discovery rules under the California Code of Civil Procedure. *See* Dkt. 32. Second, Plaintiffs implicitly concede that these jurisdictional issues should be addressed first before proceeding to discovery. In distinguishing *SSI (U.S.), Inc. v. Ferry*, No. SACV 21-2073, 2021 WL 4812952, at *3- 4 (C.D. Cal. May 25, 2021), Plaintiffs acknowledge that court granted a stay where there were "threshold procedural and jurisdictional issues that can often be decided without

discovery into the merits of the case." Dkt. 50 at 11-12. Those same jurisdictional issues are present here, and Plaintiffs do not assert that the discovery they seek is directed at jurisdictional issues.

Third, Defendants have moved to dismiss all of Plaintiffs' claims that present straightforward legal issues, such as whether Inspire owed Plaintiffs a duty of care and whether Plaintiffs' class allegations are barred by a valid and enforceable class action waiver. *See* Dkt. 48-1 at 7-8. And as Defendant WDPR acknowledges, if "the Court grants the motion as to the CLRA claim and finds the class action waiver to be enforceable, there would be no class claims or need for time-consuming and expensive class discovery." Dkt. 49 at 5.

Fourth, several of Plaintiffs discovery requests are particularly broad at this pleading stage and "present undue burden or expense[,]" which weighs in favor of staying discovery until the Court can issue a ruling on Plaintiffs' Motion to Remand and Defendants' Motions to Dismiss. Fed. R. Civ. P. 26(c). For example, Plaintiff asks Inspire to "[i]dentify every instance during the Relevant Period in which Disney requested changes to IHA's screening criteria, scripts, or processes, staying the date of request, nature of change, and IHA's response or implementation status." Dkt. 48-1 at 9. Plaintiff also requests Disney to identify "all persons present during the interview, including the applicant, any companions, all WDPR employees, and all INSPIRE employees or agents" "[f]or each DAS application interview conducted since June 18, 2024[.]" Dkt. 49 at 9. While such requests may be appropriate to the merits of Plaintiffs' claims, given their breadth, the Court finds discovery relating this type of information "present undue burden or expense" at this stage. Fed. R. Civ. P. 26(c).

The Court, upon consideration of the above and finding good cause therefor, hereby **ORDERS** as follows:

1. Defendants' Motion to Stay Discovery, Dkts. 48-49, are **GRANTED IN PART**. All discovery is stayed, including but not limited to the Parties' obligations pursuant to

Federal Rule of Civil Procedure 26, pending the Court's decision on Plaintiffs Motion to Remand, Dkt. 32, and Defendants' Motions to Dismiss, Dkts. 48-49.

**IT IS SO ORDERED.**

Dated: October 8, 2025

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE